F. L. Durbin, Plaintiff in Error, v. Vernon McCully
and James Mohan, Defendants in Error.

Gen. No. 8,812.

October term, 1934. Heard in this court at the
Opinion filed April 12, 1935.

JOHN G. FRIEDMEYER, of Springfield, for plaintiff in
error.

WILLIAM L. PATTON, of Springfield, for defendants
in error.

Mr. Presiding Justice Fulton delivered the opinion of the court.

This is a suit brought by plaintiff in error in the circuit court of Sangamon county to recover damages for alleged injuries to the wife of plaintiff in error sustained in an automobile accident.

Defendants in error owned and operated a garage in the Village of Chatham in Sangamon county, Illinois, and were possessed of a wrecking car used in towing automobiles to their garage for repairs. Lucille Durbin, wife of plaintiff in error, with certain other persons were traveling upon the highway when the automobile in which she was riding became stalled a few miles from the Village of Chatham because the steering apparatus became broken and out of order. She called the garage at Chatham and defendants in error came out with their wrecker and agreed to tow the stalled automobile to their garage and make the necessary repairs. At the same time they agreed to convey Mrs. Durbin and her friends back to Chatham where they would be able to get transportation to Springfield. Defendants in error examined the stalled automobile and found that the steering apparatus was out of order and what the trouble was with the motor, and then directed Mrs. Durbin and the other occupants to get into the stalled car and ride back to Chatham. They undertook by means of the tow chain to regulate the movements of the stranded automobile upon the highway to the garage.

The declaration charged that defendants in error were negligent in driving the wrecker at a dangerous rate of speed into a curve which caused the wrecked car to sway from side to side in the highway by means of the tow chain which was attached thereto. The chain caught in some of the spokes of the front wheels of the damaged automobile, causing the same to collide with a telephone pole near the highway and over-

turn and defendants in error continued to drag the overturned car for a distance of 50 feet or more before coming to a stop. Mrs. Durbin was seriously injured.

The suit of plaintiff in error is based upon such negligence of defendants in error causing injuries to his wife and because he became liable for doctor and hospital bills and for other kindred expenses growing out of the accident and injuries to his wife. Defendants in error filed a general demurrer to the original declaration which was sustained and leave granted to file an amended declaration. The declaration contained no express averment of due care on the part of Lucille Durbin. An amended declaration was filed, on April 11, A. D. 1933, consisting of one count which in its allegations of fact were substantially the same as the original count except that the amended declaration supplied the omission of the original by alleging ''that the said Lucille Durbin, his wife, was then and there in the exercise of reasonable care for her safety, from the time she entered the same until the pleasure car, in which she was riding, was turned over and drug upon said highway by said wrecking automobile, driven by the defendants, as aforesaid.''

To this amended declaration the defendants in error filed a plea of the statute of limitations and plaintiff in error filed a demurrer to the plea. Later plaintiff in error withdrew his demurrer to the plea and took leave to reply and file additional counts. The replication was a simple denial that the cause of action set forth in the amended declaration did not accrue within two years. Three additional counts were filed. The first and second were substantially the same as the amended declaration filed April 11th, and each contained an allegation of due care on the part of Lucille Durbin. The third count charged wilfulness on the

part of defendants in error and omitted the averment as to due care of Lucille Durbin.

On July 21, A. D. 1933, defendants in error filed a demurrer, both general and special, to the replication to the plea of the statute of limitations, alleging as ground of demurrer that the replication tenders an issue of law and not of fact. On the same day defendants in error filed their plea of the statute of limitations to the three additional counts. The court sustained the demurrer of defendants in error to the replication of plaintiff in error to the plea of statute of limitations and later plaintiff in error filed his demurrer to the last mentioned plea of the statute of limitations. The court overruled the demurrers to the pleas of the statute of limitations and thereupon plaintiff in error moved for leave to reply to the plea to which the defendants in error objected and the objection was sustained by the court, and the court thereupon rendered judgment in favor of the plea of the defendants in error in bar of the action and for costs. Thereupon formal judgment was entered and it is that judgment which is sought to be reversed by this writ of error.

In a declaration for a personal injury the allegation of due care on the part of the injured person is an essential allegation and a declaration which omits such allegation states no cause of action. *Stephens v. Illinois Cent. R. Co.*, 256 Ill. App. 111; *Wesley v. Allen*, 235 Ill. App. 322. But the plaintiff in error contends that the original declaration in this case contains sufficient averments in regard to the conduct, both of the wife of plaintiff in error and the circumstances surrounding her, from which due care on her part could be reasonably inferred and is subject to amendment even after the period of limitations because it is only a defective statement of a good cause of action. We can find nothing in the declaration from which care on

her part might be reasonably inferred and the allegation that she had knowledge that the automobile and its steering gear were out of control raises the question of whether or not she was negligent in riding in a disabled car being towed by a wrecking car.

"A declaration must allege all the circumstances necessary for the support of the action, and one which fails to allege a fact without the existence of which the plaintiff is not entitled to recover, does not state a cause of action." *Holden v. Schley*, 271 Ill. App. 159. Other decisions supporting this same doctrine are *Redmond v. Schilthelm*, 273 Ill. App. 222; *McGirr v. Pritchard*, 258 Ill. App. 467.

In this case the amended declaration and the first and second additional counts were all filed after the two-year period of limitation had expired and the averment of due care, being for the first time included in the allegations of the declaration, a new cause of action was stated. The third additional count relied upon charges of wilful and wanton conduct on the part of defendants in error, thus stating a new and different cause of action. Therefore the plea of the statute of limitations to the amended declaration and a like plea to the first, second and third additional counts were good pleas. The action of the trial court in entering judgment upon such pleas was correct and the record disclosing no reversible error the judgment of the circuit court is hereby affirmed.

*Affirmed.*