[Civ. No. 16033. First Dist., Div. One. Oct. 8, 1954.]

RAYMOND HUNTER BARR, Respondent, v. ALICE MARION CARROLL, Appellant.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Appellant.

J. W. Ehrlich, Roy A. Sharff and Stanford G. Smith for Respondent.

BRAY, J.—Defendant's appeal from a judgment entered on a jury verdict in favor of plaintiff presents only one question: in view of the allegations of the original and first amended complaints, alleging guest status of plaintiff in defendant's automobile and wilful misconduct of defendant, did the first count in the second amended complaint alleging involuntary passenger status of plaintiff and negligence of defendant, set up a new and different cause of action?

RECORD*

The first count of the original complaint (filed December 3, 1947), alleged that on May 8, 1947, plaintiff was riding as an invited guest in the automobile owned and operated by defendant; that "defendant was guilty of misconduct in that she willfully, wantonly and with utter disregard to the probable consequences, drove her said automobile into and upon a telephone pole and fence" whereby plaintiff was injured. No other facts were alleged. September 16, 1949, on stipulation of the parties, plaintiff filed his first amended complaint. The first count, after alleging that plaintiff was riding as an invited guest in the automobile owned and operated by defendant, alleged that "said defendant negligently, carelessly, willfully, wantonly and unlawfully drove, operated and managed the said automobile and willfully misconducted herself in the operation, management and driving of said automobile after sundown . . ." Here followed allegations of "skylarking" and excess of speed known to defendant to be unsafe; then "that the plaintiff made repeated demands that defendant stop the automobile, but defendant ignored all of said demands . . ." After further allegations of misconduct by defendant and of the injury received by plaintiff by the collision between the automobile and the pole and fence, it is alleged that "said defendant intentionally did and failed to do all of the things hereinabove alleged, and was guilty of willful misconduct in the operation of said vehicle at the said time and place, all as aforesaid, and knew or should have known that such course of conduct on her part would probably result in danger, damage and injury to plaintiff." Defendant demurred to this complaint on several grounds, including the bar of the statute of limitations. The demurrer was overruled.

November 16, 1951 (more than four years after the accident and almost four years after the filing of the original complaint) the court, on motion objected to by defendant, permitted the filing of the second amended complaint. The second count is practically identical with the first count of the first amended complaint. The first count alleged that "defendant was carrying and conveying plaintiff in said auto-

*All three complaints contained a cause of action alleging guest status of plaintiff in defendant's automobile and his injury due to defendant's intoxication. The court granted a nonsuit on this cause of action. As no attack is made upon the court's action in this respect, no further mention will be made of this cause of action.

mobile against his will and plaintiff was an involuntary occupant of said automobile.'' It then alleged that defendant did ''negligently and carelessly drive, operate and control the said automobile'' driving it into the pole and fence. Defendant demurred to this complaint, again setting up the statute of limitations. The demurrer was overruled.

The court instructed the jury, in effect, that if it should find that plaintiff was a guest of defendant, plaintiff could not recover unless defendant was guilty of wilful misconduct, but if it should find plaintiff was an involuntary passenger, then he could recover if defendant was negligent. The jury brought in a general verdict for plaintiff for $5,000. In special interrogatories submitted the jury found (1) that defendant was not guilty of misconduct; (2) that plaintiff was an involuntary occupant of defendant's car. Thus, it must be assumed that the jury found defendant guilty of negligence only, and hence plaintiff's recovery was only on the first count in the second amended complaint. Therefore the question of the validity of the action of the court in permitting the filing of this count becomes vital. If it was a cause of action not included in that alleged in the original complaint it would be barred by the statute of limitations, as both the first and second amended complaint were filed more than one year after the accident. (See Code Civ. Proc., § 340, subd. 3.)

As no contention is made that the evidence does not support the findings of the jury, no discussion of the evidence will be made.

### WAS THERE A DIFFERENT CAUSE OF ACTION?

In determining this question it is well to bear in mind some of the general principles of law relating to amendments of complaints.

(a) The courts are very liberal in allowing amendments in order that, if possible, no litigant be deprived of his day in court because of mere technicalities of pleading. (See *Frost* v. *Witter* (1901), 132 Cal. 421, 424 [64 P. 705, 84 Am.St.Rep. 53].)

(b) It is well settled that the commencement of an action upon a given cause does not stop the running of the statute of limitations against a wholly different cause of action, and hence amendments attempting to set up such different cause of action should not be allowed. (*Atkinson* v. *Amador & S. Canal Co.*, 53 Cal. 102; *Lambert* v. *McKenzie*, 135 Cal. 100 [67 P. 6]; *Ridley* v. *Young*, 64 Cal.App.2d 503

[149 P.2d 76]; *McKnight* v. *Gilzean,* 29 Cal.App.2d 218 [84 P.2d 213]; *Burnett* v. *Boucher,* 108 Cal.App.2d 37 [238 P.2d 1].) ▇ On the other hand, proper amendments to the original complaint relate back to the date of the filing of the original complaint and are not barred by the statute of limitations, even though the amendments are made subsequent to the date upon which the statute would otherwise have run. (*Frost* v. *Witter, supra,* (1901) 132 Cal. 421, 427; *Ginsberg* v. *Faraone* (1932), 126 Cal.App. 337, 342 [14 P.2d 777]; *Kirman* v. *Borzage* (1946), 75 Cal.App.2d 865, 871 [172 P.2d 90]; *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942), 20 Cal.2d 713, 717 [128 P.2d 522, 141 A.L.R. 1358].) ▇ Inconsistent causes of action may be pleaded in as many ways as plaintiff believes his evidence will support, and plaintiff may recover if one well pleaded count is supported by the evidence. (*Wells* v. *Brown* (1950), 97 Cal.App.2d 361 [217 P.2d 995]; *Froeming* v. *Stockton Elec. R. Co.* (1915), 171 Cal. 401 [153 P. 712, Ann.Cas. 1918B 408].)

▇ (c) The test is "whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant." (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].)

Thus, the rules are clear and well settled. The difficulty comes in applying them to a particular pleading. ▇ The original complaint charged that plaintiff while riding as an invited guest was injured because defendant wilfully, wantonly and with utter disregard of the probable consequences drove her automobile into a pole and fence. This, of course, constitutes wilful misconduct. The complaint additionally says that defendant was guilty of misconduct. Does the statement of fact to the effect that while starting as an invited guest, plaintiff, because of defendant's acts, became an involuntary guest and was injured through defendant's negligence, give rise to "a wholly distinct and different legal obligation against the defendant"? (*Klopstock* v. *Superior Court, supra,* 17 Cal.2d 13, 20.) This requires an analysis of the type of cause of action misconduct is. ▇ In *Krause* v. *Rarity* (1930), 210 Cal. 644, 654 [293 P. 62, 77 A.L.R. 1327], it was held: "The only change brought about by the new law* was in the nature and character of the proof required in each case. *There was no abolishment of the right or cause of action,* but only a change in the proof required, *not to maintain the*

---

*Former section 141¾, Vehicle Code, which required proof of gross negligence for recovery by a guest instead of negligence as theretofore.

*action,* but to permit a recovery." (Emphasis added.) While the court there was dealing with the change from "negligence" to "gross negligence" only, there is no reason why the situation differs now that "wilful misconduct" is required rather than "gross negligence." There still is "no abolishment of the right or cause of action" of the occupant of an automobile. He still has such right or cause, but whether he can recover on such right or cause depends upon his proof. Thus if he proves himself an invited guest he must also prove defendant guilty of wilful misconduct. If he proves himself an involuntary guest, he need only prove defendant guilty of negligence. If he proves himself a minor taken by a peace officer without his consent and that of his parents under the circumstances set forth in *Rocha* v. *Hulen,* 6 Cal.App.2d 245 [44 P.2d 478]; a prospective purchaser of an automobile being driven on a demonstration, as in *Crawford* v. *Foster,* 110 Cal.App. 81 [293 P. 841]; a passenger for whose transportation a school district paid compensation, as in *Smith* v. *Fall River Joint Union High School Dist.,* 118 Cal.App. 673 [5 P.2d 930]; or a prospective real estate purchaser being driven to view the property, as in *Sullivan* v. *Richardson,* 119 Cal.App. 367 [6 P.2d 567],—he need only prove defendant guilty of negligence. The basic right or cause of action of a person injured in a car driven by another is the injury received because of the failure of that other to use proper care in the driving of the car. What the law considers proper care depends upon what the status of the passenger was at the moment of injury.

In *Castro* v. *Singh,* 131 Cal.App. 106 [21 P.2d 169], a guest passenger sued the driver for his injuries, alleged to be caused by the latter's gross negligence. The statute then provided for recovery under such circumstances. Before judgment, the statute was amended restricting a guest's recovery, as now, to wilful misconduct and intoxication. The defendant contended that a guest's right to recover for injuries due to the manner of driving of his host was a statutory one, and that the repeal of that portion of the section allowing recovery for gross negligence without a saving clause, destroyed the plaintiff's remedy theretofore existing. In holding to the contrary of this contention, the court approved the ruling in the Krause case above mentioned, and said p. 110) : "The guest statute is to be considered merely as statements of the requisites of negligence or wrongful act which neither repeals nor amends the right to recover as it existed

under the common law; it simply affects the standard of duty or common-law obligation to use due care toward a guest and its corresponding substantive right." (See also *Rocha* v. *Hulen, supra,* 6 Cal.App.2d 245, 254.)

In *Smith* v. *Pope,* (1942) 53 Cal.App.2d 43 [127 P.2d 292], where the plaintiff was injured while entering the defendant's automobile, it was held that section 403, Vehicle Code (the present guest law section), being in derogation of the common law, must be strictly construed and "only those persons who were guests within the definition adopted by the Legislature may be considered to have been deprived of the right to recover except for injuries due to the wilful misconduct or intoxication of the driver." (Pp. 48-49.) Thus an invited guest, who, through no fault of his own, becomes an involuntary guest, is no longer deprived of his common law right to sue the driver (if it be deemed that the section deprives an invited guest of the common law right), nor is he longer put to the proof required by that section. In *Benton* v. *Sloss* (1952), 38 Cal.2d 399 [240 P.2d 575], it was held that section 403, Vehicle Code, "does not limit the common-law liability of the owner of a vehicle for his own negligence as owner." (P. 403.)

 We can see no reason, then, why the cause of action in the original complaint, namely, plaintiff being an invited guest, and injured because of defendant's driving with disregard to the probable consequences, is so basically different from the facts in the amended complaints, namely, that due to defendant's acts the guest status changed from a voluntary to an involuntary one, and that the driving with disregard to the probable consequences, was not wilful.

The difference between the facts of the original and the amended complaints here is no greater than in the following cases where it was held that the amended complaints, though entitling the plaintiff to different relief than from the original complaints, did not state different causes of action:

*Wennerholm* v. *Stanford Univ. Sch. of Med., supra* (1942), 20 Cal.2d 713, where the original and three amended complaints charged defendants with negligently making certain representations. The fifth complaint charged that the representations were fraudulently made. The court said: ". . . the only substantial difference between the factual situations set forth in the original and the fifth amended complaint is that the former charged that the representations were negligently made while the latter charges that they were made with

knowledge of their falsity. Despite the change in legal theory from an action for negligence to one for fraud, it cannot be said that an entirely different cause of action is stated. Therefore the latter complaint is not barred by the statute of limitations." (P. 718.) Certainly a change of legal theory from invited guest to involuntary guest is no greater than that from negligence to fraud.

*Rosemead Co.* v. *Shipley Co.* (1929), 207 Cal. 414 [278 P. 1038]. There the court said (p. 420): "Both complaints count upon the same state of facts; the difference is in the prayer for relief, the original prayer being for a money judgment and the amended prayer being for the equitable relief given. There is but one form of action in this state and a plaintiff may not be dismissed by the court merely because he is mistaken in the nature of the relief to which he is entitled."

*Wells* v. *Lloyd IV* (1936), 6 Cal.2d 70 [56 P.2d 517]. There the court held (p. 88): "Appellant bank was made a defendant by the original complaint. Each complaint set up the same transaction and sought recovery of damages. The amended complaint was but an amplification of the original. A change of theory as to the basis of recovery or as to the measure of damages is not a change of cause of action or the substitution of a new and different action for the original."

*Mackroth* v. *Sladky*, 27 Cal.App. 112 [148 P. 978]. Concerning the change by amendment from a cause of action for moneys had and received to one upon a written contract to divide commissions, the court said (p. 116): "The fact that the proof required to support the cause of action stated in the amended complaint might be different from that offered and received in support of the original complaint, would not necessarily tend to show that the amended complaint stated a new and an entirely different cause of action."

*Union Lbr. Co.* v. *J. W. Schouten & Co.* (1914), 25 Cal. App. 80 [142 P. 910]. There, the original complaint was solely for goods sold and delivered. After the statute of limitations would have run were a new cause of action added, plaintiff filed an amended complaint adding a cause of action alleging an account stated and an error therein, and asked for equitable relief. The court held (pp. 82-83): "Both causes of action were to recover the value of the same consignment of lumber, the charge for which, through an inadvertence, was omitted from the account as stated. Both

causes of action had the same and identical purpose; hence the amended complaint cannot be held to have set forth a new cause of action. The authorities abundantly support this position. (*Born* v. *Castle*, 22 Cal.App. 282 [134 P. 347].) The test as to what constitutes a new cause of action is laid down in *Anderson* v. *Wetter*, 103 Me. 268 [69 A. 110, 15 L.R.A.N.S. 1003], as follows:

" 'The new count, offered under leave to amend, must be consistent with the former count or counts, that is, it must be of the like kind of action; and such as might have been originally joined with the others. It must be for the same cause of action, that is, the subject matter of the new count must be the same as of the old; it must not be for an additional claim or demand, but only a variation of the form of demanding the same thing.'

"As both complaints were for the recovery of the price of the same lot of goods, the action itself, irrespective of the theory on which the right to recover is based, must be regarded as having been commenced when the original complaint was filed. There is no merit therefore in defendant's point that the Statute of Limitations had run against the cause of action set forth in the amended complaint. [Citations.] "

This case is particularly applicable here. All our complaints were for the recovery of damages for injury resulting to plaintiff from defendant's driving. Paraphrasing the above decision, "all complaints were for the recovery of damages for the same injury irrespective of the theory on which the right of recovery was based."

*Schaad* v. *Barceloux* (1919), 42 Cal.App. 337 [183 P. 716]. There the court said (p. 347): "In the original complaint plaintiff sought to recover the value of the shares which it was alleged defendant received and converted to his own use. In the amended complaint he sought to recover the shares or their value. Technically the amended complaint might be said to 'sound in tort,' but in reality the amended complaint sets forth the defendant's obligation, as did the original complaint, and the obligation was the cause of action in both pleadings."

*Brooks* v. *E. J. Willig Truck Transp. Co.* (1953), 40 Cal. 2d 669 [255 P.2d 802], was an action for death caused by defendants' truck in which the original complaint simply charged that the defendants were negligent in the operation and control of a truck, as a result of which negligence Brooks was injured and died. More than one year after

the accident an amended complaint was filed restating the original complaint as to the first count, and adding three new counts, each incorporating the allegations of the first, and then alleging, second count, that defendant failed to stop and continued driving, in violation of section 480, Vehicle Code; third count, that defendant drove away without stopping to render aid, by reason of which the injured person died, all in violation of sections 480 and 482, Vehicle Code; fourth count, that in violation of said last mentioned section, defendant drove away leaving the injured person lying helpless on the highway and that he was thereafter run over by another vehicle and died as a result thereof. The defendants' demurrer was sustained to the last three causes of action on the ground of the bar of the statute of limitations. In holding this action of the trial court erroneous, the Supreme Court pointed out (p. 680): "Negligence may be alleged in general terms, which means that it is sufficient to allege that an act was negligently done without stating the particular omission which rendered it negligent. (*Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 157 [157 P.2d 1].) Plaintiffs were entitled to prove any act which constituted negligence in the operation and control of the truck. . . . They were not limited to proof of a breach of common law standards of care but had a right to show statutory violations amounting to negligence." The court then stated (p. 681): "As we have seen, the second, third and fourth counts of the amended complaint alleged specific acts and omissions which were a part of the operation and control of the vehicle, and since the facts alleged were not unrelated to those set forth in the original complaint, the statute of limitations was not a bar and defendants' demurrer should not have been sustained on that ground. (See *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Stockwell* v. *McAlvay*, 10 Cal.2d 368, 375 [74 P.2d 504].)" The difference in our case between the complaints was surely no greater than the difference between a complaint merely alleging negligent operation of an automobile, and one setting up facts upon which liability is based occurring after the complete operation of the automobile had ceased. Certainly the facts in our amended complaints were no more "unrelated to those set forth in the original complaint" than were those in the amended complaint in the Brooks case.

Defendant quotes from *Johnson* v. *Marquis*, 93 Cal.App.2d 341 [209 P.2d 63] (hear. den.) (p. 348): "Plaintiffs had

the right to allege their causes of action based upon the *different theories* of ordinary negligence and the limited liability resulting from intoxication or wilful misconduct. The causes were separately stated. The first two causes were founded on the alleged status of plaintiffs as passengers in the car. The latter counts were clearly based on their status as guests of the driver of the machine.'' (Emphasis added.) The court there is merely stating that the theory of liability resulting from intoxication or wilful misconduct is a different theory from liability resulting from ordinary negligence. ▆▆ But as we have hereinbefore shown by the cases, ''A change of theory as to the basis of recovery . . . is not a change of cause of action or the substitution of a new and different action for the original.'' (*Wells* v. *Lloyd IV, supra,* (1936) 6 Cal.2d 70, 88.)

In *Hollingum* v. *Moore,* 102 Cal.App.2d 509 [227 P.2d 845], the fact so far as the plaintiff's insistence, after discovering the manner of the driving, that the driver let him out of the car, were similar to those in the case at bar. The action was for injuries due to the wilful misconduct of the driver. It is interesting to note that the reviewing court stated: ''The case might well have been tried on the theory that plaintiff was not a guest and hence defendant was liable for ordinary negligence . . .'' because ''When defendant took plaintiff against his will in a direction away from the destination agreed upon it would appear that he was not a guest since one cannot be a guest without his consent.'' (P. 511.)

Defendant cites *Kastel* v. *Stieber,* 215 Cal. 37 [8 P.2d 474], holding that whenever the element of wilfulness enters into the act, it ceases to be negligence, and becomes at least ''wilful misconduct'' (p. 47) : *Tognazzini* v. *Freeman,* 18 Cal.App. 468 [123 P. 540], holding that ''there is a decided and well-defined distinction between mere 'negligence' and 'willfulness' '' (p. 473) ; and *Albers* v. *Shell Co.,* 104 Cal.App. 733 [286 P. 752], to similar effect. ▆▆ Defendant contends that because the original complaint here used the terms ''wilfully'' and ''wantonly'' and ''wilful misconduct'' a theory of recovery based on negligence constitutes a different cause of action. But, as we have heretofore pointed out, these terms, incompatible though they may be, do not in themselves constitute the cause of action. They may be the ''theory of recovery'' upon the facts which show the basis of the cause of action. In none of these cases discussing the incompatibility of these terms was it held that by bringing an action upon the

theory of negligence alone, a plaintiff was debarred from setting up a claim upon any other theory based upon facts which "were not unrelated to those set forth in the original complaint . . ." (*Brooks* v. *E. J. Willig Truck Transp. Co., supra,* (1953) 40 Cal.2d 669, 681.)

In *Frost* v. *Witter, supra,* 132 Cal. 421, the court stated (p. 426) : " 'An action is nothing else than the right or power of prosecuting in a judicial proceeding *what is owed to one,'*—which is but to say, an *obligation.* . . . The action therefore springs from the obligation, and hence the 'cause of action' is simply the obligation. . . . The 'cause of action' is therefore to be distinguished, also, from the *'remedy,'*—which is simply the means by which the obligation or the corresponding action is effectuated,—and also from the 'relief' sought." Applying these definitions to the case at bar, it is clear that the cause of action set up in the original complaint and that set up in the amended complaints is simply the obligation sought to be enforced, namely, the obligation of defendant to pay plaintiff for the injuries caused by defendant's driving.

The fact that there may be a difference in the proof of the defense of contributory negligence in a wilful misconduct case as that in an ordinary negligence case (see *Schneider* v. *Brecht,* 6 Cal.App.2d 379 [44 P.2d 662] ; *Johnson* v. *Marquis, supra,* 93 Cal.App.2d 341, 345) does not make the different theories of recovery, different causes of action.

Defendant cites *Durbin* v. *McCully,* 280 Ill.App. 81, and *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St. 567 [200 N.E. 843, 119 A.L.R. 646], and other cases from outside jurisdictions, some of which hold to the contrary of the result we have reached. We do not deem it necessary to discuss them, for the reason that our conclusion is based upon the law of California as well established by the cases of this state.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1954.