[S.F. No. 22696. In Bank. Dec. 29, 1969.]

BENITO NEVAREZ, Plaintiff and Appellant, v.
OCTAVIO CARRASCO, Defendant and Respondent.

**COUNSEL**

Clarence B. Knight for Plaintiff and Appellant.

Nagle, Vale & McDowall, Nagle, Vale, McDowall & Cotter and Vernon V. Vale for Defendant and Respondent.

## OPINION

**MOSK, J.**—Benito Nevarez was injured on December 27, 1964, while riding in a car owned and operated by Octavio Carrasco as they travelled together from Watsonville to San Mateo. Defendant Carrasco lost control of the vehicle on Skyline Boulevard and it rolled over a cliff. In plaintiff's resultant action for personal injuries the jury found for defendant and plaintiff appeals. The problem involves interpretation of California's guest statute, Vehicle Code section 17158.[1]

Plaintiff and defendant were casual acquaintances living in a hotel in Watsonville. Both were out of work. According to plaintiff's testimony, the evening before the accident he and defendant engaged in a conversation, in which he told defendant he had been laid off work and wanted to go to San Mateo to enlist the assistance of his brother in finding a job. Defendant offered to take him there in his car and plaintiff promised to "make it right" by giving defendant a "few bucks" in San Mateo and by supplying gas for the trip. Defendant also expressed interest in obtaining employment in San Mateo. It was agreed that defendant could stay with plaintiff at his brother's house while they were in San Mateo. As they left Watsonville, defendant drove to a gas station and plaintiff paid for about $3.00 worth of gas for the trip. During the course of the drive before the accident, the men agreed that after they found work they would remain a day or two to do some fishing, using equipment belonging to plaintiff's brother.

Defendant testified that the purpose of the trip was to go fishing in the San Mateo area, using plaintiff's brother's equipment. Defendant denied any interest of his own in San Mateo employment, but indicated that plaintiff had expressed some desire to find work while there. Defendant admitted plaintiff promised to give him some money in San Mateo because his brother owed him $10, and he conceded plaintiff said he would buy gas on the return trip. He further testified no gas was purchased by plaintiff or defendant before the accident because the tank was partially full at the outset.

The jury were instructed as follows on the distinction between a "passenger" and a "guest" under California law:

---

[1]"No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver."

"A guest is one who is invited, either expressly or impliedly, to enjoy the hospitality of the driver of a vehicle; who accepts such hospitality; and who takes a ride in such vehicle either for his own pleasure or on his own business, without making any return to, or conferring any benefit upon, the driver of the vehicle as compensation for the ride, other than the mere pleasure of the rider's company.

"Where, however, the driver receives some compensation, which is the chief inducement for the rider's transportation and which is understood by both to be, and is given and received, as compensation for the ride, such a rider is a passenger, not a guest.

"However, the mere sharing of expenses of a motor trip, such as for gasoline and oil, does not, in and of itself, cause the rider who pays part of such expense to be a passenger, rather than a guest. If such a contribution is the motivating influence for furnishing the transportation, if the arrangement has a character similar to that of a business agreement, then the payment is compensation for the ride, and one who thus rides and pays or agrees to pay is a passenger; *but if the purpose of the trip is merely the joint pleasure of the participants, if that objective is what led to the trip as a social occasion, then the sharing of expenses is merely incidental, and one who thus rides with the driver, although sharing in the expense, is a guest.*"[2] (Italics added.)

 The italicized portion of the instruction purports to advise the jury that if they find the purpose of a trip is the joint pleasure of the participants, the rider is a guest even though he contributes to the expenses of the trip and his contribution is the "chief inducement for the rider's transportation." Applied to the facts in the case before us, the jury were thus instructed to find that plaintiff was a guest if they believed defendant's testimony as to the social purpose of the trip, even if they also believed that plaintiff's promises to pay for gas, obtain lodging, and supply fishing equipment were the primary inducement to defendant to furnish the transportation. This lecture to the jury is in conflict with the law in California, and the giving of this instruction consitutes error which we find to be prejudicial and therefore reversible.

 In *Whitmore* v. *French* (1951) 37 Cal.2d 744, 746 [235 P.2d3], we discussed the distinction between a guest and a passenger using language patently at odds with that of the above instruction: "A person who accepts a ride does not cease to be [a] guest and become a passenger merely by extending customary courtesies of the road, such as paying bridge

---

[2]The instruction was taken from 2 BAJI No. 209 (4th ed.). The fifth edition of BAJI No. 5.65 substantially modifies the previously approved instruction and no longer contains the language at issue here.

or ferry tolls [citation], and it has been held that the sharing of expenses does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality. [Citation.] ■ Where, however, the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence. [Citations.] This is, of course, true whether the trip is for the joint pleasure of the participants or is of a nonsocial nature."

It is not the purpose of the trip which is the central factor, but whether the compensation received by the driver was a motivating influence in his decision to furnish transportation to the rider. Indeed, in *Whitmore,* plaintiff and defendant were close friends who had been taking a vacation trip extending from Missouri to the Pacific Coast. Nevertheless, we held that plaintiff was a passenger as a matter of law because of the contributions he made to the expenses of the trip. Thus, as long ago as 1951, we resolved the question presently before us.[3]

The *Whitmore* interpretation of the guest statute is consistent with its basic purpose. ■ "The 'primary policy' underlying the statute 'is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver.'" (*Martinez* v. *Southern Pac. Co.* (1955) 45 Cal. 2d 244, 253 [288 P.2d 868]; *Kruzie* v. *Sanders* (1943) 23 Cal.2d 237, 242 [143 P.2d 704].) If the rider has contributed to the expenses of a trip and his contributions are a motivating influence for the driver's furnishing the transportation, it cannot be said that the rider is accepting the "hospitality" of the driver. Of course, whenever one drives another without compulsion, there may be a significant element of hospitality in his conduct; but if that were enough to involve the policy of the statute, the payment of compensation for the ride could generally be deemed irrelevant. A rider does not accept the hospitality of the driver when the rider "pays his own way" and the driver furnishes the transportation because of this circumstance. It is the element of compensation and not the purpose of the trip which is the relevant criterion in ascertaining whether the rider is merely accepting the hospitality of the driver.

---

[3]Some cases decided since *Whitmore* may have contributed to an erosion of its interpretation of the guest statute. In both *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 364-365 [317 P.2d 601], and *Baker* v. *Novak* (1956) 144 Cal.App.2d 514, 519-520 [301 P.2d 257], it is suggested that there is no significant difference between an instruction requiring that compensation be *a* motivating influence for furnishing the transportation and one which requires that compensation be *the* motivating influence. *Whitmore* refers to "a motivating influence" and thus implicitly recognizes that a number of reasons may underlie a driver's decision to provide transportation and the receipt of compensation need not be the sole reason. Because requiring that compensation be *the* motivating influence may suggest the contrary interpretation, we prefer the *Whitmore* language.

Conceding as he must that the italicized portion of BAJI No. 209 was erroneously given, defendant insists that giving the instruction as a whole was not prejudicial error because the earlier portions of the instruction thoroughly and correctly outlined the distinctions between a guest and a passenger. We disagree.

It is true that the second paragraph and the beginning of the third paragraph of the instruction above prescribe an acceptable definition of a "passenger." Nevertheless, the "but if" qualification introducing the italicized portion and the fact that it was the final statement concerning the distinction between a passenger and a guest clearly indicate that the italicized portion was intended to announce the definitive rule governing pleasure trips. A reasonable juror could believe that, although sharing expenses is normally indicative of a passenger, such sharing on pleasure trips is always "incidental" and indicative of a guest. The instruction given in the instant case clearly created that erroneous impression.

The judgment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Shoemaker in the opinion prepared by him for the Court of Appeal, First District, Division Two (*Nevarez* v. *Carrasco*, 1 Civ. 25508, filed August 22, 1969, certified for nonpublication).