[L.A. No. 29747. In Bank. Dec. 1, 1970.]

CAREY BOZANICH, a Minor, etc., Plaintiff and Appellant, v.
TERENCE KENNEY, a Minor, etc., et al., Defendants and Respondents.

568

## Counsel

Elmer Low for Plaintiff and Appellant.

Morgan, Wenzel, Lynberg & Stearns and Michael J. McHale for Defendants and Respondents.

## Opinion

**PETERS, J.**—Appellant, plaintiff in the trial court, has appealed from an adverse judgment based on a jury verdict in a personal injury action. The only substantial question is the propriety of instructions given by the trial court on the guest-passenger relationship. We have concluded that the instructions challenged were erroneous, were prejudicial, and require a reversal.

Carey Bozanich and Terence Kenney were classmates, neighbors, and friends. There was, however, no romantic relationship between the two. While still in the same class at high school, they were selected to attend a special class in Spanish given for gifted students during the summer session at the University of Southern California. The university was located approximately 10 miles from their homes. The two students were concerned about how they were going to get to and from the university. They rejected bus riding as too expensive and then discussed having members of their family drive them. Before reaching a decision, the parents of Terence purchased a Sunbeam automobile and agreed that Terence, who was 16 and licensed, could drive the car to and from the university. He offered to drive Carey. They discussed the splitting of gasoline expenses, but then discovered that they would have to park the car and that parking would cost $8.75 for the semester. This was a little more than the estimated one-half the cost of the gasoline for the period involved. Carey, after talking the matter over with her mother, agreed to pay the parking fee. Carey's mother, after calling Terence to ascertain the precise amount involved, was told it was $8.75. She made out a check for the $8.75 and gave it to Terence to pay for the parking, and the money was used for this purpose.

The two students commuted together for approximately three weeks when they had an accident. The evidence shows, without contradiction, that the Sunbeam at the moment of impact, was going at an excessive speed in violation of the posted rate, and had passed over the center double line of the highway at the time of impact.

The plaintiff sued Terence and his mother, charging that she was a

passenger, and that the injuries were caused by the negligence of Terence. No question of intoxication or willful misconduct was involved. The defense practically admitted negligence, does not urge that Terence was not negligent, but defended on the ground that plaintiff, as a matter of fact, was a "guest" and not a "passenger." This was the basic issue presented to the jury.

The trial court instructed not once but three times that in determining whether the plaintiff was a passenger or a guest it should determine whether the compensation paid was "the chief inducement" for the transportation or what is the same thing "the main motivating influence" for the ride. Only if the jury should so find could they find the plaintiff to have been a passenger and entitled to recover for ordinary negligence. Otherwise, she was a guest and could not recover for ordinary negligence. This is a misinterpretation of the governing code section and constitutes error of a most prejudicial kind.

The governing code section is section 17158 of the Vehicle Code. It provides: "No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway *without giving compensation* for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver." (Italics added.)

In interpreting this section it must be remembered that it is in derogation of the common law and must be strictly construed. (*Weber* v. *Pinyan,* 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407]; *Prager* v. *Isreal,* 15 Cal.2d 89 [98 P.2d 729]; *Barr* v. *Carroll,* 128 Cal.App.2d 23 [274 P.2d 717].) Under this section the rider is a guest when he accepts a ride "without giving compensation" therefor. The real and only question presented is whether if compensation is given it must be "the chief inducement" for the ride or "an inducement." The word "the" and the words "a" or "an" mean entirely different things. This court has decided the issue contrary to the trial court's instruction. In *Whitmore* v. *French,* 37 Cal.2d 744, 746 [235 P.2d 3], the court, in discussing this problem said where "the driver receives *a* tangible benefit, monetary or otherwise, which is *a motivating influence* for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence." (Italics added.)

It is true that in *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601], this court stated: ". . . cases which use the phrase 'a motivating

influence' and those which use the phrase 'the motivating influence' do not, because of this difference in phraseology, state different principles. The thought conveyed by both groups of cases is that the tangible benefit, not mere pleasure, kindness, or friendship alone, must be the principal inducement for the ride to constitute compensation." But in *Nevarez* v. *Carrasco,* 1 Cal.3d 518 [82 Cal.Rptr. 721, 462 P.2d 577], decided after this case was tried, and while it was on appeal, the matter was again reconsidered and at page 522, this court stated in footnote 3: "Some cases decided since *Whitmore* may have contributed to an erosion of its interpretation of the guest statute. In both *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 364-365 [317 P.2d 601], and *Baker* v. *Novak* (1965) 144 Cal.App.2d 514, 519-520 [301 P.2d 257], it is suggested that there is no significant difference between an instruction requiring that compensation be *a* motivating influence for furnishing the transportation and one which requires that compensation be *the* motivating influence. *Whitmore* refers to '*a* motivating influence' and thus implicitly recognizes that a number of reasons may underlie a driver's decision to provide transportation and the receipt of compensation need not be the sole reason. Because requiring that compensation be *the* motivating influence may suggest the contrary interpretation, we prefer the *Whitmore* language." Although *Rawlings* was not expressly overruled, this language leaves no doubt of its purpose to disapprove the use of the word "the" in the instructions.

The court also stated: "The *Whitmore* interpretation of the guest statute is consistent with its basic purpose. 'The "primary policy" underlying the statute "is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver." ' [Citations.] If the rider has contributed to the expenses of a trip and his contributions are *a motivating influence* for the driver's furnishing the transportation, it cannot be said that the rider is accepting the 'hospitality' of the driver. Of course, whenever one drives another without compulsion, there may be a significant element of hospitality in his conduct; but if that were enough to involve the policy of the statute, the payment of compensation for the ride could generally be deemed irrelevant. A rider does not accept the hospitality of the driver when the rider 'pays his own way' and the driver furnishes the transportation because of this circumstance. It is the *element of compensation* and not the purpose of the trip which is the relevant criterion in ascertaining whether the rider is merely accepting the hospitality of the driver." (Italics added.)

Whereas BAJI No. 209, now superseded, and the instructions in fact given here, contained some language arguably implying that it is enough that a benefit was understood to be compensation, they also expressly and repeatedly stated that the compensation must be the "chief

inducement." BAJI No. 5.65, the superseding instruction, expressly states: "In the event there are also other motivating influences for the rider's transportation, such tangible benefit, not mere pleasure, kindness or friendship alone, must be the principal inducement for the ride to constitute compensation." This intensifies the error in the instructions.

■ The role which the conceded payment of the parking fee played, if any, in defendant's decision to provide plaintiff with transportation was the subject of strongly conflicting evidence. The jury should pass on this question on proper instructions. We are convinced from the record that had the court instructed the jury that ordinary negligence should result in a recovery if the conceded compensation was "*a*" motivating influence in defendant's decision to provide transportation, a plaintiff's verdict might well have resulted. The error was therefore prejudicial.

The trial court also erred in instructing the jury essentially in the form of BAJI (4th ed.) 209, which was disapproved in part in *Nevarez* v. *Carrasco, supra*, 1 Cal.3d 518, 521 et seq. We there pointed out that part of the instruction erroneously implies that the purpose of "joint pleasure" would render the plaintiff a guest regardless of the importance of any consideration paid to the defendant. In *Nevarez*, where we held the error prejudicial, there was evidence that the purpose of the trip was recreational, whereas, in the instant case, the evidence is that the purpose of the trip was educational. Whether the giving of the erroneous instruction was prejudicial error need not be now decided in view of our prior holding.

In any event, the error in instructing on "chief inducement" requires reversal. The judgment is reversed.

Wright, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Thompson in the opinion prepared by him for the Court of Appeal, Second Appellate District, Division One (*Bozanich* v. *Kenney*, 2 Civ. 34306, filed March 4, 1970, certified for nonpublication).