**Shirley FERNANDEZ et vir, Petitioners,**

v.

**Vivian F. KIESLING, Respondent.**

No. B–3893.

Supreme Court of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 14, 1973.

Joe Villarreal, Phillip D. Hardberger, San Antonio, for petitioner.

Huson, Clark & Thornton, Hobart Huson, Jr., San Antonio, for respondent.

POPE, Justice.

The question presented is whether the trial court properly instructed the jury concerning the meaning of the word, "guest," as that term is used in article 6701b,[1] Vernon's Tex.Civ.Stats. Mrs. Shirley Fernandez was riding in the car driven by Mrs. Vivian F. Kiesling when Mrs. Kiesling drove her automobile into a parked car. Plaintiff Fernandez sued Mrs. Kiesling and proved a cause of action based upon ordinary negligence, but the jury made a finding that she was riding as a guest of Mrs. Kiesling. Mrs. Fernandez requested no issue inquiring whether defendant Kiesling did or failed to do something which was heedless or in reckless disregard of the rights of others. The trial court rendered judgment for the defendant, and the court of civil appeals in well-considered opinions by a divided court affirmed the judgment. 489 S.W.2d 933.

The court of civil appeals has correctly stated the relevant evidence pertaining to

---

1. Art. 6701b . . . Section 1. "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

The article was amended by the Acts, 63rd Leg., R.S., Ch. 28, p. 42 and the relevant provision now says:

"No person who is related within the second degree of consanguinity or affinity to the owner or operator of a motor vehicle and who is being transported over the public highways of this State by the owner or operator of the motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. There shall be no such immunity for an owner or operator who is not so related to the guest."

the relationship between Mrs. Fernandez and Mrs. Kiesling. An oversimplification of the facts is that Mrs. Fernandez was riding to work with Mrs. Kiesling on an understanding that she would pay twenty cents a trip, about $2.50 a week. The arrangement was a temporary one until Mrs. Fernandez could find some other means of transportation, and it had endured for about nine weeks. Mrs. Fernandez and Mrs. Kiesling did not know each other prior to the time they started riding together though they worked at the same place. The court submitted this instruction, which poses our only problem:

"Guest" means one who rides in another's vehicle through voluntary hospitality of the driver without payment or benefit of a tangible nature for such transportat.on. Payment or agreement to pay a share of the operating expenses of a vehicle in which one rides does not in itself make one a passenger for hire rather than a guest. Such payment must be *the* motivating cause for furnishing the transportation. (Emphasis added.)

The jury's answer that Mrs. Fernandez was riding as a guest defeated her right to a judgment, but she had objected to use of the phrase, "the motivating cause," which the court used in the instruction. Her objection was that "the" means the one and only cause for Mrs. Kiesling's furnishing the transportation. Mrs. Fernandez says that the instruction should have used the phrase, "a motivating cause," because the payment may be a concurring cause.

This court has not written on this precise point. As stated in the majority opinion of the court of civil appeals, in at least four decisions in which the distinction between "a" and "the" was not decisive, this court has used or approved language that a finding that there was a definite tangible benefit to the operator which was "the motivating cause" for furnishing the transportation is essential to relieve one of the burdens imposed by the guest statute. Cedziwoda v. Crane-Longley Funeral

Chapel, 155 Tex. 99, 283 S.W.2d 217 (1955); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Hutcheson v. Estate of Se'Christ, 459 S.W.2d 495 (Tex. Civ.App.1970, writ ref'd); Raub v. Rowe, 119 S.W.2d 190 (Tex.Civ.App.1938, writ ref'd). Other decisions suggest that a plaintiff must prove only that the receipt of a tangible benefit must be "a motivating cause." Jackson v. Davis, 470 S.W.2d 213 (Tex.Civ.App.1971, no writ); Cate v. Holcomb, 370 S.W.2d 422 (Tex.Civ.App.1963, writ ref'd n. r. e.); see also Texas Pattern Jury Charges § 3.10 (1969). "The chief motivating cause" was the phrase approved in Wills v. Buchanan, 358 S.W.2d 727, 729 (Tex.Civ.App.1962, no writ). Some jurisdictions state the test as a "substantial" motivating factor. Jackson v. Brown, 164 N.W.2d 824, 39 A.L.R.3d 1075 (Iowa 1969); Sylvia v. Helfer, 241 Or. 98, 102–103, 404 P.2d 238, 240–241 (1965).

The California courts, after some vacillation, McCann v. Hoffman, 9 Cal.2d 279, 70 P.2d 909 (1937), about a choice between "the motivating influence" and "a motivating influence," turned to the latter phrase as the correct one. Bozanich v. Kenney, 3 Cal.3d 567, 91 Cal.Rptr. 286, 477 P.2d 142 (1970); Nevarez v. Carrasco, 1 Cal.3d 518, 82 Cal.Rptr. 721, 462 P.2d 577 (1969); Thompson v. Lacey, 42 Cal.2d 443, 267 P. 2d 1 (1954); Brandis v. Goldanski, 117 Cal.App.2d 42, 255 P.2d 36 (1953); Harris v. Harfmann, 113 Cal.App.2d 615, 248 P.2d 501 (1952); Whitmore v. French, 37 Cal. 2d 744, 746, 235 P.2d 3, 5 (1951).

The test of motivation for furnishing transportation to another has been described as a gloss upon guest statutes such as the one we are now considering. F. Harper & F. James, The Law of Torts, Supplement to Vol. 2, p. 55 (1968). It has also been criticized because the test requires an examination of the subtle shadings in the state of mind of the persons who are suspected of collusion. Harper & James, *supra.* 8 Am.Jur.2d, Automobiles and Highway Traffic § 478 at 44 (1963). On the other hand, the motivation requir-

ment has long been the settled rule in Texas as well as a number of other jurisdictions, Annot., Automobile Guest Statute—Expense Sharing, 39 A.L.R.3d 1224, 1231–33 (1971), and by reason of our many precedents, we will not depart from it.

Article 6701b does not, however, suggest that a guest's payment for transportation must be the only reason for the host's providing it, and for us to so hold would read into the statute an onerous requirement of proof which the statute does not require. It is our opinion that the better rule would be that the last sentence of the charge set forth above should be: "Such payment must be a motivating cause for furnishing the transportation."

We accordingly reverse the judgment of the courts below and remand the cause for trial.