Marvin McCLAIN, Appellant,

v.

Dan W. CARTER, Appellee.

No. 12845.

Court of Civil Appeals of Texas.

Galveston.

May 5, 1955.

Rehearing Denied May 19, 1955.

Bates & Cartwright and Charles R. Hancock, Houston, for appellant.

Carroll & McGee and Hugh E. McGee, Jr., Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by appellant to recover damages for personal injuries sustained when struck by appellee's truck. At the conclusion of appellant's evidence, the appellee moved for an instructed verdict upon the ground that the proof showed conclusively that appellant was in appellee's vehicle as a guest without payment for transportation; and, having failed to show that the accident had been intentional on the part of appellee or caused by his heedlessness or his reckless disregard of the rights of others, could not recover under the provisions of Article 6701b, V.A.T.S. This appeal is from the action of the trial court in sustaining such motion. There is no question involved concerning the status of the appellant having changed after disembarking from appellee's truck and there is no pleading or evidence seeking to establish gross negligence. The sole question is whether appellant was a "guest without payment for such transportation" within the meaning of Art. 6701b. After reviewing the record and the authorities cited by the litigants, we conclude that appellant occupied that status and that the judgment of the trial court must be affirmed. The material facts are substantially as follows:

Appellee was the owner of a 1952 pick-up truck which he customarily drove to his work at Consolidated Chemical Industries. The truck was fitted with a canopy over the back and had some benches in the rear. Appellant worked for the same employer and he and appellee had known each other as friends and business associates for several years. Appellant owned an automobile which he occasionally drove to work and on several occasions appellee had ridden with him but he did not take his car very often because the acid at the plant injured the finish. Appellant rode with appellee pretty regularly, as did another employee named Guerra. Now and then appellant

and Guerra had given appellee several dollars which it was understood would be used to help buy gasoline although no mention was made of gasoline. There were no set charges for this transportation. Appellee never asked for money and never mentioned charging appellant for carrying him to work although such payments were a help to him in paying the expenses incurred. There was no regular car pool and appellant did not believe that appellee was running a taxi service. Appellant did not know how many times he had paid or how much he had paid to appellee. He sometimes drove his own car to work; sometimes he rode the bus or rode with other people. On the date of the accident appellant had his car backed out to drive to work in case appellee happened not to come by for him.

From the facts which have been stated, the following conclusions appear inescapable: There was no contract of any character existing between appellant and appellee relative to appellant's status in appellee's truck. Appellee was under no obligation to transport appellant at any time as demonstrated by the fact that on the date of the accident appellant had arranged other means of transportation in the event appellee should fail to tender transportation. There was no obligation upon appellant to pay any amount at any time to appellee. Each time that appellant rode in appellee's vehicle, he did so in response to appellee's gratuitous invitation. Each time that appellant paid $2 or $3 to appellee, he did so voluntarily, without any demand or request from appellee. There was no showing as to the amount or frequency of such payments or that they were in any manner commensurate with the cost or value of the transportation furnished. The most that is shown is that such payments were beneficial to appellee, which is obvious. In our view they did not change the appellant's status as a guest. They represent nothing more than a normal and natural expression of appreciation from a guest who repeatedly accepts the hospitality of another person.

Restatement of The Law of Torts, Vol. II, page 1272, Sec. 490, states the distinction as follows: "The phrase 'passenger in a vehicle' is used to donate the fact that the plaintiff is one who is being carried by another for hire. The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road. * * *."

We feel that this case is readily distinguishable from the case of Elkins v. Foster, Tex.Civ.App., 101 S.W.2d 294, and Johnson v. Smither, Tex.Civ.App., 116 S.W. 2d 812, which are relied upon by appellant. In those cases the ride was taken as an integral part of a business transaction, mutually beneficial to driver and passenger. The tangible benefit to the driver was held to be the motivating influence for furnishing the transportation. Here the payment of a portion of the expense, as for gasoline consumed, is merely incidental and does not constitute the motivating influence for the transportation. In Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190 (writ refused), the El Paso Court of Civil Appeals held the status of guest to exist in a situation wherein plaintiff and defendant, each desiring to visit a friend in another city, embarked upon the journey with the understanding and agreement in advance that the defendant would furnish and drive the automobile and plaintiff and another occupant of the vehicle would contribute their proportionate part of the expense of the trip, that is, for the purchase of gasoline and oil for the automobile.

We feel that appellant was clearly a "guest without payment for such transportation" within the meaning of Art. 6701b and that the trial court properly instructed the jury to return its verdict in favor of appellee.

The judgment of the trial court is, accordingly, affirmed.