**Dainah GREGORY et vir, Appellants,**

v.

**Harold OTTS, Appellee.**

No. 16043.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 20, 1959.

Rehearing Denied Dec. 18, 1959.

Jackson, Walker, Winstead, Cantwell & Miller, and Fred H. Benners, Dallas, for appellants.

Stark & Carroll, Gainesville, Baker, Jordan, Davey & Shaw, Ken. R. Davey, and Harvey L. Davis, Dallas, for appellee.

MASSEY, Chief Justice.

Suit for damages was brought by Harold Otts, as plaintiff, against Mrs. Dainah Gregory and her husband, as defendants, on account of injuries sustained while riding in defendants' automobile. Otts was being transported from the automobile service station being operated by him toward Mrs. Gregory's place of employment, it being the intention of the parties that he would then take the Gregory automobile back to the service station to be washed, greased, and otherwise serviced. Enroute the automobile came into collision with a third party automobile, as result of which Otts sustained injuries, because of which he brought his suit.

Trial was to a jury and upon answers returned to special issues judgment was entered for plaintiff. Defendants appealed.

Judgment affirmed.

The first question to be determined on the appeal is whether or not this is a guest case. If it is a guest case the judgment entered in the trial court must be reversed and remanded for the case was tried and submitted (over appellants' protest) on the theory that it was not. The guest statute, Vernon's Ann.Tex.Civ.St. Art. 6701b, is in derogation of common law, perforce which persons transported over the public highways as a guest of the owner or operator of a motor vehicle were denied relief in damages on account of personal injuries suffered through simple negligence on the part of such owner or operator. Resolution of the guest question, or whether a person who sustained injuries as the result of the owner or operator being guilty of simple negligence proximately causing such injuries while in the process of so transporting him occupied the status of a guest during said transportation, determines whether suit is or is not to be tried on the usual simple negligence theory. Though the statute will be construed liberally to effect the purpose sought to be accomplished, it will be strictly construed in the determination of whether or not the passenger was a guest.

In the case of Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W.2d 194, 198, the Supreme Court expressly approved the following portion of the opinion of the Court of Civil Appeals in the same case: " 'The

rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation.'" In the case of Easter v. Wallace, Tex.Civ. App.1958, 318 S.W.2d 916, 918, writ refused, n. r. e., this court has had occasion to speak upon the matter of consideration inuring to the operator which would "remove" a case from the provisions of the Texas statute, as follows: "In order for a person so contributing to be considered a paying passenger, there must be some tangible benefit moving to the driver, which benefit must have been the motivating cause of the driver's making the journey."

■ Considering the well known fact that it is common custom for automobile owners to drive by service stations where they wish to have their cars washed and greased and pick up attendants . thereat whom they carry with them to their places of employment before alighting and leaving their automobiles in charge of such attendants to drive back to the stations for the performance of the desired service, it is indeed odd that we have been cited to no case in which the instant guest question has been passed upon. We know of no such case ourselves, but surely this is not the first. We are of the opinion that an attendant being so transported under such circumstances is not included within the guest statute. In the instant case it was the owner of the service station rather than an attendant who was being so transported, but that circumstance would not alter our opinion that his status was other than that of guest particularly since there was no evidence introduced upon the trial of the cause altering the natural assumption to be made that it was to the tangible benefit of the appellant, Mrs. Gregory, that the trip be made from the service station to her place of employment with the appellee in her automobile. We believe it

was to her tangible benefit in that she thereby derived the benefit of transportation from the station to her place of employment, or, alternatively, the benefit of having her automobile taken by appellee at her place of employment for the purpose of servicing the same rather than at the premises of the station itself. Certainly the benefit was tangible and one which was accrued to her as the result of the trip and it could not have accrued without the transportation of the appellee. It was for the purpose of obtaining such benefit that Mrs. Gregory was motivated to provide the transportation.

In view of our conclusion it follows that the case was properly tried on the theory that recovery could be obtained if the appellee could prove simple negligence on the part of Mrs. Gregory, plus additional proof that such negligence was a proximate cause of the resulting injuries. Johnson v. Smither, Tex.Civ.App., Fort Worth 1938, 116 S.W.2d 812, writ dism.

■ Appellants alternatively claim that an issue of fact was made to appear in the evidence upon the question of whether or not the appellee was a guest within the contemplation of the Guest Statute, and that therefore the trial court erred in its failure and refusal to submit the question to the jury. Appellants' specially requested issue was denied. In an examination of appellants' pleadings it is obvious that same were prepared with the implied opinion that appellee was a guest under the statute aforesaid particularly in an exception to appellee's pleading. However, at no point in the pleadings was it ever affirmatively alleged by either party to the controversy that appellee was a guest. In view of the applicable provisions of Texas Rules of Civil Procedure, rule 279 appellants were not entitled to an affirmative submission of the desired issue when it could only be claimed to have been raised by their general denial, and not by any affirmative written pleading on appellants" part. Therefore, even should we be in er-

ror in our announced conclusion as a matter of law that appellee was not a guest at the time of his injuries, and even if the question could be one of fact for action by the jury, the trial court did not err in refusing to submit the question.

Appellants' eighth to twelfth points, inclusive, necessitate our review of the evidence upon the manner in which the collision occurred. The judgment in favor of appellee was entered upon the amount of damages found by the jury to have been sustained on account of his injuries, and upon the jury findings that Mrs. Gregory failed to yield the right of way to the third party truck which was in the act of crossing the intersection being approached by her, such constituting negligence and a proximate cause of the collision. In connection therewith the jury was instructed that: " * * * when two motor vehicles approach and enter a street intersection, the vehicle which first enters the intersection has the right of way over the other vehicle; also, that when two motor vehicles enter a street intersection at approximately the same time, the vehicle entering from the right-hand side has the right of way over the other vehicle. 'Right of Way' as that term is used in this charge means the right to immediate use and occupancy of the portion of the highway in question."

■ Appellants contend that there was no evidence to support the jury finding that Mrs. Gregory negligently failed to yield the right of way to said third party truck, alternatively that the evidence was insufficient to support the finding, and still further and alternatively, that the jury's answers so finding were so contrary to the great weight and overwhelming preponderance of the evidence as to be manifestly unjust. Appellants contend further that under the evidence Mrs. Gregory had the right of way at said intersection as a matter of law. It is also contended that the court's failure to preface the issues inquiring upon the matter of right of way with a preliminary issue designed to ascertain

who, in fact, had the right of way, constituted a comment on the evidence by the court and amounted to an improper and erroneous charge and instruction to the jury that it was the third party truck which did have the right of way at said intersection.

There was no objection made to the charge of the court because of an absence of any preliminary inquiry which would determine which vehicle had the right of way, and neither was there any request for such an issue under the provisions of T.R. C.P. 279. Were such preliminary issue necessary to be submitted as a part of the appellee's ground of recovery on the matter of right of way, we would treat it as having been submitted and answered in his favor under provisions of the same rule in view of the other issues which were submitted. However, the rule itself mentions that resort to such treatment is not necessary if the fact which might have been inquired about is conclusively established, and from our own review of the evidence we believe that the matter of which vehicle entered the intersection first is not an open question. From the physical facts and the testimony of all parties it is certain that the third party truck did enter first.

Immediately prior to the occasion in question, Mrs. Gregory, driving the appellants' automobile in which the appellee was a passenger, was proceeding in a southerly direction on Grand Avenue in the City of Gainesville, a street about 52 feet wide. She was approaching the Grand Street intersection with Elizabeth Street, which latter named street runs east and west and is about 28 feet wide. The third party truck was traveling in a westerly direction on Elizabeth Street. The front end of the appellants' automobile struck "head-on" into the right hand door on said third party truck. The point of impact was within the intersection, approximately four feet south and less than eleven feet east of the intersection's northwest corner. All, or nearly all, of the third party truck had

passed over onto the western one-half of Grand Avenue, but less than one-half of the appellants' automobile had entered onto Elizabeth Street. Coupled therewith is the fact that the driver of the third party truck never slowed down at any time, while Mrs. Gregory had applied the brakes on appellants' automobile before the impact and caused the tires thereof to skid on the pavement a distance of forty-two feet (less the length of her standard type passenger automobile). Mrs. Gregory's own testimony was to the effect that her automobile was two car lengths north of the intersection when she saw the truck enter the same traveling in a westerly direction and increasing its speed in a dart out into the intersection, which occurrence caused her to immediately throw on her brakes and swerve to her right. She stated that the truck was proceeding at a slow speed (approximately seven miles per hour) before it reached the intersection and then, as it entered, the truck "gave it the gas". She had thought the truck was going to stop before entering the intersection, in view of the fact it was going at such a slow speed, until it speeded up, and, in her estimation, attained a speed of twenty-five miles per hour.

It may be mathematically demonstrated from the above facts that the third party truck undoubtedly entered the intersection before the time of entry by the appellants' automobile. We deem it unnecessary to detail the calculation in this opinion. Under and in view of the established fact that Mrs. Gregory failed to yield the right of way, there is no doubt that the jury was properly submitted the issues upon negligence and proximate cause.

■ During the course of cross-examination of the police officer who made the investigation of the accident shortly after it occurred, the attorney for appellants caused him to deliver up the written form of accident report prepared incident to his investigation. On the report there is a section which shows whether or not any arrests were made of any party to the collision, and the charge by reason of which the arrest was made. As related to the instant case it is shown on the report that both Mrs. Gregory and the driver of the third party truck were arrested and charged with negligent collision. Though appellants' attorney waived objections previously interposed to opposing counsel's offer of the report as an entirety, and subject thereto of designated portions of the report, he specifically objected to the portion of the report above described. We are of the opinion that under the authorities the trial court erred in the admission of the entire report and in not eliminating from the exhibit the section objected to. However, we are nevertheless of the opinion that the admission of such improper evidence did not amount to reversible error when tested by the language of T.R. C.P. 434. In our view no juror of ordinary intelligence could have been persuaded by said evidence to agree to a verdict contrary to that to which he would otherwise have agreed. Goforth v. Alvey, 1954, 153 Tex. 449, 271 S.W.2d 404.

■ As part and parcel of the exhibit received, and in a portion thereof to which appellants' counsel did not object, it was shown in the section designated "Vehicle Condition", that the investigating officer had checked a place providing for his statement upon the condition of the third party truck, indicating that said vehicle had "Defective brakes". There was no oral evidence by any party upon the matter of any defect in the brakes on the third party vehicle. All the oral testimony was to the effect that the driver of said vehicle was increasing speed all the time as he traversed the intersection, or in any event never at any time attempted to reduce speed. The notation in the accident report stands alone in the record upon the matter of the brakes on the third party truck. In the course of counsel's cross-examination of the police officer it was made clear that the officer, in making such investigations, has "got to go a certain amount by what they (the parties)

tell me", and that in the instant investigation he considered everything he found and came to his conclusions relative to the accident, and wrote up the accident report.

In view of the foregoing we are of the opinion that it does not matter in this case whether the third party truck had defective brakes or not upon the occasion in question, but even if it might have been a matter of defense available to the appellants it was not established in the evidence as an issuable fact. Furthermore, if we assume it to be true that the truck had absolutely no brakes at the time it was being driven across the intersection there was nevertheless no evidence that such condition proximately caused the collision. It is true, of course, that had there been in addition a development of any testimony upon the matter, it might have been that its character could have been converted into evidence of probative force and effect sufficient to raise an issue to be resolved by the jury. The issue might then have been as to whether the truck was being operated with the brakes thereon so inadequate as to render it useless to apply them in an attempt to stop, and, if so, whether the operation of the truck with its brakes in such condition was negligence and a proximate cause and sole proximate cause of the collision. As it is, however, the officer's notation on the accident report amounts to no more than a scintilla of evidence, by which the issue above hypothesized was not raised. The issue not having been raised, we overrule appellants' points of error complaining because the trial court denied them leave to file a trial amendment pleading the matter as a ground of defense, and refused to submit their specially requested special issues submitting such theory of defense.

By their final group of points the appellants contend for reversal on the ground of jury misconduct. The trial judge, in the order overruling appellants' motion for new trial, specifically stated that he was of the opinion that the various acts of misconduct on the part of the jury, as presented in appellants' affidavit and evidence, did not occur. We agree with this holding of the trial court.

To their motion for new trial the appellants attached the affidavit of juror H. T. Payne. On hearing, appellants introduced his testimony and the trial court "let the bars down", so to speak, and heard everything this juror had to say. Fortunately we have little difficulty in distinguishing the admissible testimony, with probative force and supported by the motion for new trial, from that which is to be disregarded. Essentially, Mr. Payne's testimony established issuable facts in that the jury in its deliberations considered the matters as follows: (1) That appellants carried insurance coverage and it would not make any difference to them whether they were found liable to appellee since it would be the insurance company which would have to pay; (2) that the action was really a freindly suit between appellants and appellee which would cost the former nothing but might help appellee. Because thereof, testified juror Payne, he agreed to the verdict and in particular to the findings which convicted Mrs. Gregory of having failed to yield right of way, etc., when he was actually of the opinion that she had the right of way at the intersection.

Countering Mr. Payne's testimony the appellee introduced the testimony of three other members of the jury, which testimony was to the effect that insurance was not mentioned, or if mentioned was ruled out as matter to be discussed and was not discussed; that no one said that Mrs. Gregory would not have to pay the judgment if it was against her; and that no one mentioned that it was a friendly suit between the parties. Furthermore, their testimony was to the effect that all twelve jurors agreed to the answers returned without dissension, and that incident thereto the juror Payne did not voice objection or dissatisfaction, nor did he hold up and delay the jury in arriving at the answers returned.

Where the facts prima facie proven in the establishment of jury misconduct conflict with and are contradicted by other evidence the question is one of fact to be resolved by the court. Of course the burden of proof in such instances is upon the party who seeks to establish the misconduct and his position is to be established by a preponderance of the evidence. In such a case the trial court's finding upon whether or not alleged misconduct actually occurred is final and binding on the reviewing court. White Cabs v. Moore, 1947, 146 Tex. 101, 203 S.W.2d 200.

Judgment affirmed.

RENFRO, Justice (dissenting).

In my opinion, the admission in evidence, not for impeachment, of that portion of the police officer's report, over specific objections of appellants, which showed that Mrs. Gregory was arrested and charged with negligent collision, was reversible error. Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339.

I respectfully dissent.