**Harold D. WILLS et ux., Appellants,**

v.

**William Robert BUCHANAN, Appellee.**

**No. 16338.**

Court of Civil Appeals of Texas.

Fort Worth.

June 8, 1962.

Rehearing Denied July 13, 1962.

Byrom, Wright & Butcher, and Don Prager, Fort Worth, for appellants.

Cantey, Hanger, Johnson, Scarborough & Gooch, and John McBryde, Fort Worth, for appellee.

BOYD, Justice.

Mrs. Vera Wills and her husband Harold D. Wills sued William Robert Buchanan for damages for personal injuries received by Mrs. Wills when Buchanan's automobile, which he was driving and in which Mrs. Wills was riding, collided with another automobile on Loop 217 in Fort Worth. From a summary judgment in favor of Buchanan Mr. and Mrs. Wills appealed.

Appellants alleged that Buchanan failed to use ordinary care in several particulars, which failures proximately caused the collision. The summary judgment was granted on the trial court's determination that from the pleadings and depositions no issue of material fact existed, and that it conclusively appeared that Mrs. Wills was a guest of Buchanan on the trip which terminated in the accident, and that, in the absence of gross negligence on the part of Buchanan, there could be no recovery. We are of the opinion that it was not conclusively shown that Mrs. Wills was a guest in the purview of Article 6701b, Vernon's Ann.Tex.Civ.St., and that it was error to so hold.

On the date of the collision and for about 7 months immediately prior thereto, Mrs. Wills was being transported by Buchanan from her home in Fort Worth to the Convair plant and from the plant to her home. They both worked at the plant. About October 1, 1958, someone at the plant told Mrs. Wills that Buchanan was working there, and lived in the vicinity of her home, and was transporting employees to and from the plant. Buchanan was informed that Mrs. Wills was "interested in getting a ride." On that same day Buchanan came to her department and she told him that she was needing a ride. They made an agreement that he would carry her to and from the plant for $2.00 per week. This was the first time that the parties had met. With the exception of one or two days, she rode with Buchanan every working day until and including May 16, 1959, the day of the accident.

Four other employees rode with Buchanan for a while, and two, Russell and Cathey, rode all the time that Mrs. Wills rode with him. One of them at least had an arrangement identical with that of Mrs. Wills.

Shortly after 12:15 A. M., May 16, 1959, Buchanan, Mrs. Wills, Russell and Cathey left the plant in Buchanan's automobile. After having traveled 10 or 15 minutes, Buchanan's car struck a car which was in the same lane and was headed in the same direction as Buchanan's car but which was either stopped or traveling very slowly. Mrs. Wills received the injuries complained of in the collision.

Article 6701b provides that no person transported over the public highways by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator in case of accident, unless such accident resulted from his gross negligence.

Appellee contends that it was shown that the agreement between the parties was either a car-pool or share-the-ride arrangement, or the ordinary exchange of amenities. He argues that this case is within the rule followed by this court in Easter v. Wallace, Tex.Civ.App., 318 S. W.2d 916, where we said that to remove a case from the operation of the guest statute, the benefit furnished by the rider to the driver must be the motivating cause of the driver's making the journey. While this statement may have been applicable to the facts there under consideration, as a general proposition we think it is too narrow. If that proposition were applied to this case it is difficult to imagine how Buchanan could have a paying passenger while he worked at Convair. The true rule seems to be that the payment must have been the chief motivating cause of his furnishing the transportation. Raub v. Rowe, Tex. Civ.App., 119 S.W.2d 190, error refused. A payment amounting to a material benefit in the form of possible profits was said to be required in Rogers v. Vreeland, 16 Cal. App.2d 364, 60 P.2d 585. A substantial consideration moving to the driver was the requirement laid down in Allen v. Keck, 113 F.Supp. 873. Where a tangible benefit moves from the rider to the one furnishing the transportation, and is the motivating cause for furnishing the transportation, the guest statute is inapplicable. Burnett v. Howell, Tex.Civ.App., 294 S.W.2d 410; McCann v. Hoffman, Cal.App., 62 P.2d 401.

The summary judgment is reversed and the cause remanded.