**Troy Lee AUTRY, Appellant,**

v.

**Donald P. SPIERING, Jr., Appellee.**

**No. 220.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 29, 1966.

Rehearing Denied Oct. 20, 1966.

Harry F. Maddin, of Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellant.

William S. Fly, of Fly, Cory, Moeller & Stevenson, Victoria, for appellee.

## OPINION

NYE, Justice.

This is an appeal from a summary judgment that plaintiff take nothing. Plaintiff Autry brought this suit for damages for personal injuries sustained by him as a result of a one car collision while riding as an occupant.

The automobile was owned and was driven by the defendant Spiering. Plaintiff alleged that the defendant was guilty of acts constituting ordinary negligence, proximately causing his injuries and damages. Defendant answered with a general denial followed by a motion for summary judgment that plaintiff was a guest and was therefore barred from recovery against the defendant. Defendant asserted that under the undisputed evidence no payment for such transportation was anticipated or paid by the plaintiff and therefore as a matter of law, plaintiff was a "guest" within the meaning of Article 6701b. The trial court granted the defendant's motion and entered judgment that plaintiff take nothing by his suit against defendant.

Plaintiff has perfected his appeal to this Court contending in one point that the trial court erred in granting the motion for summary judgment and holding that as a matter of law plaintiff was barred from recovery under the provisions of the Texas Guest Statute, Article 6701b, Vernon's Ann.Civ. St. It is plaintiff's contention that under the evidence, plaintiff was either a passenger as a matter of law, or that his status was a fact question for the trier of facts.

Article 6701b, V.A.C.S., provides that "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest *without payment for such transportation,*[1] shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

■ In passing upon the contentions of the parties, this Court must view all the evidence in the light most favorable to the party against whom summary judgment was granted, and must indulge in favor of such party every intendment reasonably deducible from the evidence. Rule 166–A, Texas Rules of Civil Procedure; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

The record reflects that defendant Spiering and plaintiff Autry lived in Victoria, Texas. They were employed by a well servicing company for the purpose of servicing a well at Blessing, Texas, some sixty miles distant from Victoria.

The plaintiff and defendant, along with two other men, entered into an agreement to take turns driving their cars to work. The defendant was to pick up the plaintiff and drive him sixty miles to Blessing to work and then back to Victoria. When it was plaintiff's turn, he was to drive defendant to work in like manner. On the day of the accident the defendant picked up plaintiff and one other party in defendant's car and drove them to Blessing to work on the well. This was defendant's day to drive under the agreement. They finished their work about eleven o'clock at night, and were returning home later that night from Blessing when the accident took place. The plaintiff was asleep in the back seat of the car. The other occupant was asleep in the front seat on the right hand side. The car ran off the road and upset at the bottom of a cattle underpass, causing sever injuries to the plaintiff.

The plaintiff alleged that defendant was guilty of ordinary negligence in causing the

---

1. Emphasis supplied.

accident and the resulting damages to him. The parties were not related to each other and had only casual acquaintance with each other. The record does not reflect that there was any other purpose for the making of the trip except for their work at Blessing.

Although the precise problem under the facts of this case does not appear to have engaged the attention of the Texas courts, cases from other jurisdictions which have passed upon this problem have held that such an arrangement takes the occupant out of the guest statute. See 10 A.L.R.2d 1351 and later case service. The only case we have found which holds clearly to the contrary is the case of Everett v. Burg, 301 Mich. 734, 4 N.W.2d 63, 146 A.L.R. 639. The Michigan court subsequently held that under a similar agreement a passenger for hire relationship existed as a matter of law. Bond v. Sharp, 325 Mich. 460, 39 N.W.2d 37.

■ In Texas an occupant that asserts ordinary negligence against the owner or driver of the car in which he was riding has the burden of proving that he was not a guest.

■ Generally speaking a guest under the Guest Statute may be defined as the recipient of the voluntary hospitality of the driver or owner. A passenger on the other hand is one whose transportation is paid for. The payment need not be money, but it must confer a definite benefit on the owner or driver. Not every benefit received, whether it be tangible or intangible, is sufficient to constitute payment within the meaning of the Guest Statute.

The question then that must be decided is: What benefit of a material or pecuniary nature to the owner or driver of a motor vehicle constitutes payment for such transportation within the meaning of the Guest Statute?

■ The rule in Texas and that established by the authorities everywhere seems to be, that to remove a case from the provisions of the Guest Statute a definite relationship must be established and a definite tangible benefit to the operator must be shown to have been the motivating influence for furnishing the transportation. This rule was quoted with approval by the Supreme Court in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. See Raub v. Rowe, Tex. Civ.App., 119 S.W.2d 190, err. ref.

The emergency clause set forth in Art. 6701b, enacted by the 42nd Legislature in 1931 recognizes that fraud may be perpetrated upon insurers or owners and operators of motor vehicles. Therefore, the nature of the relationship between the occupant and the owner or operator of the vehicle must be considered, to test the liability for ordinary negligence. There may be a greater likelihood of collusion between the insured and a relative or a friend. If the agreement of the parties concerning the transportation involves a business proposition the likelihood of collusion would probably be less.

■ The nature of the benefit or the advantage derived must be material and tangible and must flow from and depend on the transportation provided. In considering the motivating influence you must consider the nature of the benefit or advantage derived; was the benefit of such a tangible nature so as to motivate the defendant to transport the plaintiff? If the occupant confers a contractual benefit he may be beyond the pale of the statute, for if a business purpose is served by the trip, the contribution is probably also induced by the business consideration and received as a commercial payment. Payment, therefore, has been made to the owner or operator if the transportation is likely to resolve in a definite tangible benefit to the operator or mutual benefit to the parties and if receipt of the benefit is the motivating reason for the transportation.

■ It therefore appears from the record before us that: The relationship between the parties was casual. The purpose of the

trip was business. The parties had a contractual arrangement. Consideration was given by plaintiff to defendant for riding to work in defendant's car by the reciprocal ride by defendant in plaintiff's car, thus reducing the cost of transportation to each. This would amount to a definite tangible benefit. The relationship was an important one, as it was based upon business expediency and mutual benefit. It was the motivating influence for furnishing the transportation. We cannot say under this record that the arrangement was purely sociable and the sharing of the expenses was incidental as a matter of law, which we would be required to do to sustain the defendant's position.

Judgment of the trial court is reversed and the case is remanded for trial.