Billy Joe JACKSON, Appellant,

v.

Don W. DAVIS, as next friend, Appellee.

No. 508.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1971.

Rehearing Denied Sept. 1, 1971.

Howell Stone, James H. Barker, Alice Giessel, Talbert, Giessel & Stone, Houston, Sam Lee, Angleton, for appellant.

Jimmy Phillips, Jr., James W. Bradford, Jr., Angleton, for appellee.

TUNKS, Chief Justice.

On August 19, 1969, Don E. Davis, while riding in a car being driven by Billy Joe Jackson, sustained personal injuries in a one car accident. Those two individuals will hereinafter be designated by their last names. Davis sued Jackson for damages resulting from the injuries he sustained. In the trial court, the jury found, in response to special issues, that Jackson was guilty of various acts and omissions that constituted ordinary negligence and proximate causes of the accident. There were no issues submitted as to gross negligence. The jury also found that Davis was not riding as a "guest" of Jackson on the occasion in question and that, in substance, Davis and Jackson were engaged in a joint enterprise. In response to a defensive issue the jury failed to find that Jackson was acting under a sudden emergency. Jackson's appeal from the trial court's judgment in favor of Davis presents only questions of law as to the evidentiary support for the two jury findings as to the status of Davis as a rider in the Jackson car. Also presented as a question of law is the contention that the evidence estab-

lished conclusively that Jackson was acting under the sudden emergency on the occasion of the collision. Appellant's first two points of error state that the trial court erred in overruling Jackson's motions for instructed verdict and for judgment non obstante veredicto because there was no evidence to support the jury's findings to the effect that Davis was not riding in Jackson's car as a guest and to the effect that Jackson and Davis were engaged in a joint enterprise. Appellant's third point of error states that the trial court erred in overruling his motions for instructed verdict and for judgment non obstante veredicto because the evidence showed as a matter of law that he was acting under a sudden emergency.

Both Jackson and Davis are teen age boys. Davis was 17 years old at the time of the accident. Jackson was about 15 years old. Davis' father as his next friend, maintained the suit in his behalf. The trial court appointed a guardian ad litem for Jackson.

On the afternoon on the date of the accident Davis and Jackson were at Jackson's home. Jackson had an automobile and Davis did not. It was Davis' wish that Jackson take him home but Jackson, who had a paper route, had to deliver his papers first. As to this situation Jackson testified "He (Davis) said he wanted—he asked me if I could take him home first and I told him I had to deliver my papers before I could go anywhere." Thereupon the two boys, using Jackson's car, delivered the papers.

Jackson drove the car and Davis sat in the right front seat. The rolled papers were placed between them. Jackson delivered papers to customers on the left side and Davis delivered to those on the right side. A paper was delivered either by throwing it into a driveway or sticking it into a mail box. On occasion when Davis would throw a paper and miss the driveway he would have Jackson stop the car so that he could get out and put the paper in

the driveway. Davis' help admittedly speeded up the delivery of the papers.

The last delivery was made to a customer who lived on a dead end street. After that delivery Jackson turned the car around and started back up the street in the direction from which they had come. It was while they were so traveling that the car went into a ditch and struck a culvert inflicting the injuries for which Davis sued.

■ Texas Revised Civil Statutes Annotated Article 6701b, the Texas Guest Statute, at Section 1, provides:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

There was no evidence here of any "heedlessness or reckless disregard of the rights of others" on the part of Jackson and as noted, no issues inquiring as to such conduct were submitted. Davis' right of recovery is thus dependent upon a determination that his status as an occupant of Jackson's car was not that of a "guest" within the meaning of the statute.

In Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198 (1952) the court quoted the following as a statement of the rule governing the applicability of the guest statute to a case such as this:

"The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation."

The application of that rule to the facts of this case sustains the jury's finding that Davis was not a guest in Jackson's car at the time of the collision in question.

During the drive Jackson was engaged in a business activity—the delivery of papers to his customers. Davis, the rider, helped Jackson accomplish his business purpose. Such help was a tangible benefit to Jackson. Under the evidence the jury was justified in believing that such benefit was a motivating influence in Jackson's taking Davis with him on the paper route.

The appellee has cited as authority for his position Scholz v. Leuer, 7 Wash.2d 76, 109 P.2d 294 (1941). The facts of that case are quite similar to the facts here. The applicability of a guest statute was involved. The driver of the car was delivering papers on his paper route. He asked the rider's mother to permit the rider to go along to help with the delivery and such permission was given. It was held that the driver was liable for the death of the rider which resulted from a collision caused by the driver's ordinary negligence. The court said at page 299, "Manifestly, Evelyn's (the rider) services expedited and facilitated the deliveries of the newspapers by appellant Gale (the driver), and, therefore, constituted a tangible benefit to him and to his employer." The court held that there was a jury question as to whether that benefit was a motivation for furnishing the transportation.

■ In guest statute cases, the plaintiff-rider sometimes takes the position that he was not a guest because he and the driver were engaged in a joint enterprise. See 7 Tex.Jur.2d Automobiles, Section 234 and cases cited therein. In this case the jury found that Davis and Jackson had a joint interest in the purpose of their trip and an equal right to control the operation of the car, a finding, in substance, of joint enterprise. Joint enterprise includes two elements, joint interest in the object of the trip and equal right of control. Of those two elements only the first is relevant in a guest statute case where the rider is suing the driver. A joint interest in the object of the trip may evidence a tangible benefit to be received by the driver from the rider's presence as motivation for furnishing the transportation. The equal right to control is irrelevant in such a case. It becomes relevant where a third party is involved in the suit and it may result in imputing the driver's negligence to the rider. See Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117 (1959).

■ The appellant's third point of error is based upon the contention that the evidence shows that as a matter of law Jackson, on the occasion in question, was confronted with a sudden emergency and acted as a person of ordinary prudence would have acted under the same or similar emergency. As noted, the jury failed to find such an emergency.

Davis testified that just before the accident Jackson reached down to get something from the floor of the car and took his eyes from the road whereupon the car drifted off the road and into the ditch. The car struck a speed limit sign and knocked it down. The car continued on down the ditch until it struck a culvert. The jury found Jackson guilty of negligence, among other things, in failing to keep a proper lookout and that such negligence was a proximate cause of "the occurrence in question."

Jackson testified that he did not think he had taken his eyes from the road before going into the ditch but he was not certain whether he did or not. He testified that he tried to steer away from the ditch but that his steering mechanism would not work. An automobile mechanic who examined the car after the accident said that one of the ball joints at the front end of the car was disengaged and expressed the opinion that it had come loose and had caused the car to go into the ditch.

Jackson was an interested party so that the jury was not bound to accept his testimony which was not clear and positive and

was not uncontradicted. Praetorian Mutual Life Insurance Co. v. Sherman, 455 S.W.2d 201 (Tex.Sup.1970). The testimony of the automotive mechanic to the effect that the defect in the steering mechanism caused the car to go into the ditch was opinion evidence and, as such, was not conclusive. Broussard v. Moon, 431 S.W. 2d 534 (Tex.Sup.1968). The evidence did not establish as a matter of law that Jackson was confronted with an emergency not proximately caused by his own negligence. The appellant's third point of error is overruled.

The judgment of the trial court is affirmed.