Shirley **FERNANDEZ** et vir, Appellants,

v.

Vivian F. **KIESLING**, Appellee.

No. 15096.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 10, 1973.

Rehearing Denied Feb. 7, 1973.

---

Phillip D. Hardberger, Joe Villarreal, San Antonio, for appellants.

Hobart Huson, Jr., Huson, Clark & Thornton, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, joined by her husband, brought this suit to recover for personal

injuries sustained when the automobile operated by appellee, and which was occupied by appellant, collided with the rear of a parked car. The jury found that appellee committed acts of ordinary negligence proximately causing said collision, but a take-nothing judgment was entered upon the jury's finding that appellant was riding in said car as a guest.[1]

Appellant, hereinafter referred to as plaintiff, urges three assignments of error. Plaintiff first urges that the trial court should have held as a matter of law that she was a passenger for hire; and therefore, no fact issue was raised as to the application of the Texas Guest Statute, Article 6701b, Vernon's Tex.Rev.Civ.Stat.Ann. She next complains of the part of the court's instruction relating to the issue as to her status in the car, wherein the court stated: "Payment or agreement to pay a share of the operating expenses of a vehicle in which one rides does not in itself make one a passenger for hire rather than a guest." Plaintiff urges that this is a comment on the weight of the evidence in that she actually paid the agreed sum of 20 cents per trip and not a share of the operating expenses. Finally, plaintiff says that the trial court erred in instructing the jury that, "Such payment must be the motivating cause for furnishing the transportation." She urges that it is sufficient for such payment to be "a motivating cause for furnishing the transportation."

Plaintiff and defendant both worked for USAA, a large insurance firm. Around Christmas of 1968, defendant was approached by Mrs. Veronica Landine and asked if she would carry plaintiff, who was Mrs. Landine's sister-in-law, to and from work. Defendant and Mrs. Landine worked in the same department and were acquainted, although defendant was not then acquainted with plaintiff. Plaintiff needed a ride, since the girl with whom she had ridden had gotten married, and Mrs. Landine knew that plaintiff lived near the defendant. Defendant advised Mrs. Landine that she was not interested in carrying passengers, but would do so temporarily until plaintiff could find another ride. At this time, defendant traveled the 3.4 miles from her home to work in her car along with her daughter who attended Trinity University, which is located near USAA. Defendant telephoned plaintiff at the request of Mrs. Landine and agreed to pick up plaintiff at 7:20 a. m. the next morning. Nothing was said at the time, but in a day or two, the parties agreed that plaintiff would pay defendant 20 cents each time she rode with her to help out with the car expenses. Sometimes plaintiff rode home with her husband and sometimes she missed work; and when this happened, such trip was not included in the total amount paid defendant each Friday. This arrangement continued until March 9, 1969, when the accident sued on herein occurred.

■ The rule was adopted in Texas in 1938, in Raub v. Rowe, 119 S.W.2d 190 (Tex.Civ.App.—El Paso, writ ref'd), that the mere payment of a share of the operating expenses of an automobile in which the plaintiff is riding does not make the plaintiff a passenger for hire or compensation within the meaning of the Texas Guest Statute. The rule uniformly followed in

---

1.  Question No. 4A:
    "Do you find from a preponderance of the evidence that on the occasion in question the Plaintiff, Mrs. Shirley Fernandez, was not riding as a guest of the Defendant, Mrs. Vivian F. Kiesling?
    " 'Guest' means one who rides in another's vehicle through voluntary hospitality of the driver without payment or benefit of a tangible nature for such transportation. Payment or agreement to pay

a share of the operating expenses of a vehicle in which one rides does not in itself make one a passenger for hire rather than a guest. Such payment must be the motivating cause for furnishing the transportation.
    "Answer 'She was not riding as a guest,' or 'She was riding as a guest.'
    "We, the Jury, answer: She was riding as a guest."

Texas since the *Raub* holding is that to remove a passenger from the provisions of the Guest Statute, a definite relationship must be established, and a definite tangible benefit to the operator must be shown to have been the motivating influence for furnishing the transportation. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (Tex.1952); Samoheyl v. Bearden, 448 S.W.2d 850 (Tex.Civ.App.—Houston [1st] 1970, writ ref'd n. r. e.); Autry v. Spiering, 407 S.W.2d 826 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); Dietrich v. F. R. Young Company, 400 S.W.2d 572 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); Wills v. Buchanan, 358 S.W.2d 727 (Tex.Civ.App.—Fort Worth 1962, no writ); Easter v. Wallace, 318 S.W.2d 916 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n. r. e.); McClain v. Carter, 278 S.W.2d 877 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.).

Carpool arrangements present a difficult problem for courts in that such arrangements usually contain both business and social elements. In Autry v. Spiering, supra, the Court held that where there was an agreement among several workers to take turns in furnishing the transportation to a well site where all worked, it could not be held as a matter of law that the occupant was a guest. See also: 10 A.L.R.3d 1087, Share-the-Ride Arrangement or Car Pool as Affecting the Status of Automobile Rider as Guest; 21 Sw. L.J. 567 (1967).

■ The testimony of defendant, when viewed under the "no evidence" test, is sufficient to raise a fact issue as to whether the 20 cents per trip was the motivating influence for defendant to furnish the ride to plaintiff. Defendant's testimony, which was corroborated by Mrs. Landine, was that she was not interested in carrying passengers or in entering into a regular carpool arrangement. Further, it is seen that she did not carry any other passengers and specifically advised Mrs. Landine that she would only carry plaintiff until she found another ride. The jury could infer from these facts that the payment of the 20 cents per trip was merely a sharing of expenses as an incident of courtesy, and not the motivating influence for defendant to furnish the ride to plaintiff. Plaintiff's first point that she was a passenger for hire within the meaning of the Texas Guest Statute is overruled.

■ Under her second point, plaintiff urges that the trial court erred in instructing the jury that payment of a share of the operating expenses did not in itself make one a passenger for hire, since there was no evidence that she had paid a share of the operating expenses. Since we cannot hold as a matter of law that plaintiff was being transported as a passenger for hire on the occasion in question, it necessarily follows that the trial court would have committed error by not giving this part of the rule. Wills v. Buchanan, supra; Easter v. Wallace, supra; Raub v. Rowe, supra.

■ Plaintiff's final point presents the question of whether the definite tangible benefit to the operator must be shown to have been "*the* motivating influence for furnishing the transportation," or merely that it must be shown to have been "*a* motivating influence" for furnishing same. We have found no Texas case which squarely discussed this question. However, of the many Texas cases wherein the effect of a sharing of expenses was considered, all courts but one,[2] including two opinions by the Supreme Court,[3] and two cases wherein the application for writ of

2. Cate v. Holcomb, 370 S.W.2d 422 (Tex. Civ.App.—Texarkana 1963, writ ref'd n. r. e.). It is noted that Justice Davis cited only Gregory v. Otts, 329 S.W.2d 904 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.), wherein the test of

Burt v. Lochausen, supra, is quoted with approval.

3. Cedziwoda v. Crane-Longley Funeral Chapel, 155 Tex. 99, 283 S.W.2d 217 (Tex.1955); Burt v. Lochausen, supra.

error was refused outright,[4] have quoted the rule substantially in the following language: "To remove a case from the provisions of [the guest statute,] a definite relationship must be established and a definite tangible benefit to the operator shown to have been *the* motivating influence for furnishing the transportation." (Emphasis added.) In Disney v. Cook, Okl., 457 P.2d 552 (1969), the Oklahoma Supreme Court, after a review of the Texas authorities, arrived at a similar conclusion that this was the rule in Texas.

Plaintiff apparently recognized that the Texas courts required that the tangible benefit to the operator be "the motivating influence for furnishing the transportation," in that she couched the allegations in her petition in the language of such rule. In paragraph 3 of her petition, plaintiff alleged: "Plaintiff, in this respect, would further allege that without such payment every week, Defendant would not have transported Plaintiff herein, and that *the* motivating cause for Defendant to furnish transportation to Plaintiff was the sum which was paid each and every week during the time that this verbal agreement was in effect." (Emphasis added.)

The instruction contained in Texas Pattern Jury Charges, 1 P.J.C. 3.10, p. 69 (1969), relating to "Sharing of Expenses" reads: "Payment or agreement to pay a share of the operating expenses of a vehicle in which one rides does not in itself make one a passenger for hire rather than a guest; such payment must have been *a* motivating cause for furnishing the transportation." (Emphasis added.) However, there is no indication that the PJC Committee considered this distinction in that the authority cited under the instruction is Autry v. Spiering, supra, wherein the Court set forth only the rule as adopted by the Supreme Court in Burt v. Lochausen, supra, that the tangible benefit must be

"*the* motivating influence for furnishing the transportation."

The California Supreme Court in Bozanich v. Kenney, 91 Cal.Rptr. 286, 477 P.2d 142 (1970), expressly adopted the test of "a motivating influence," rather than "the motivating influence," and held that the trial court committed reversible error in giving the latter instruction. There is much merit in the discussion of the California Supreme Court in support of its holding that the payment should only be "a motivating influence" for the furnishing of the transportation to the passenger.

■ Nevertheless, the rule is well established to the contrary in this state by an almost unbroken, and even unquestioned, line of authorities since first adopted in 1938. Any change therein should be made by the Legislature or the Supreme Court. It is our duty as an intermediate court in our judicial system to follow the rule established by our Supreme Court. Swilley v. McCain, 374 S.W.2d 871 (Tex.1964); Stewart v. Janes, 393 S.W.2d 428 (Tex. Civ.App.—Amarillo 1965, writ ref'd, 383 U.S. 962, 86 S.Ct. 1233, 1372, 16 L.Ed.2d 304 [1966]); 15 Tex.Jur.2d, Courts, Section 137.

The trial court did not err in giving the instruction in the form expressly pleaded by plaintiff, and in the form uniformly approved by the Supreme Court since 1938. Plaintiff's third point is therefore without merit.

The judgment is affirmed.

CADENA, Justice.

I do not agree that prior Texas decisions establish the "rule" that it is proper to instruct the jury that, in order to find that a passenger in an automobile is not a "guest" withing the meaning of our guest statute, Article 6701b, Tex.Rev.Civ.Stat.Ann., it is necessary to find that the compensation

---

4. Hutcheson v. Estate of Se'Christ, 459 S.W.2d 495 (Tex.Civ.App.—Amarillo 1970, writ ref'd); Raub v. Rowe, supra.

paid by the passenger was *the* motivating cause for furnishing the transportation. The prior Texas decisions do not establish such a rule simply because they have not previously considered the problem to which the majority opinion holds such "rule" applicable.

The instant case is the first case in this jurisdiction in which the disposition of the case requires a determination of the question of whether or not a jury should be instructed that the payment given by the passenger must be "the," "a," "at least a," "a substantial," or some other sort of motivating influence for furnishing the transportation.

What appellee refers to as the "granddaddy" case in Texas is Raub v. Rowe, 119 S.W.2d 190 (Tex.Civ.App.—El Paso 1938, writ ref'd). In *Raub*, the driver and her two passengers, all three of whom were related and, apparently, lived in Dallas, were making a trip to visit a relative who resided in Raymondville. Defendant, the operator of the vehicle, agreed to furnish her automobile for the trip, with plaintiff and the other passenger agreeing to pay their proportionate part of the cost of the gas and oil. In holding, as a matter of law, that plaintiff's recovery was barred by the guest statute, the El Paso Court of Civil Appeals quoted with approval portions of the opinions of the California courts in Rogers v. Vreeland, 16 Cal.App.2d 364, 60 P.2d 585 (1936); and McCann v. Hoffman, 9 Cal.2d 279, 70 P.2d 909 (1937).

In *Rogers,* the intermediate California appellate court, without addressing itself to the problem before us, merely concluded that, in that case, the trip, which was made for the purpose of seeing the wild flowers, was a purely social one; and that the act of the injured passenger, in sharing the expenses of the purely social trip, "at most was simply an expression of courtesy and appreciation that a guest often evinces and manifests." *60 P.2d at 587–588.*

In *McCann,* the Supreme Court of California, after concluding that the weight of

authority is to the effect that the sharing of expenses of a trip, *when that trip is taken for social or pleasure purposes,* is nothing more than the exchange of social amenities, said, "Therefore, where a special tangible benefit to the defendant was *the* motivating influence for furnishing the transportation, compensation may be said to have been given." However, the California Court added: "But it is not given where the *main purpose* of the trip is the *joint pleasure* of the participants. The payment of a portion of the expense . . . is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the *joint social one of reciprocal hospitality or pleasure."* 70 P.2d at 913 (emphasis added).

It cannot be argued that *Rogers* and *McCann* represent considered holdings to the effect that a rider remains a guest unless the payment made by him is *the* motivating influence for furnishing the transportation. The California courts have not so construed those two cases. In Whitmore v. French, 37 Cal.2d 744, 235 P.2d 3 (1951), the California Supreme Court construed its *McCann* opinion as merely holding that the sharing of expenses does not destroy the host-guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality. It might be noted that in *French* the California Court added that where "the driver receives a tangible benefit, monetary or otherwise, which is *a* motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence." 235 P.2d at 5 (emphasis added).

The precise question before us was squarely faced by the Supreme Court of California in Bozanich v. Kenney, 3 Cal.3d 567, 91 Cal.Rptr. 286, 477 P.2d 142 (1970), where it was held that it was error to instruct the jury that payment destroys the host-guest relationship only if such pay-

ment is *the* motivating cause for furnishing the transportation.

The actual holding in *Raub,* as made apparent by the facts of that case and the El Paso Court's heavy reliance on *Rogers* and *McCann,* is merely that a sharing of the expenses is not sufficient to destroy the host-guest relationship where the purpose of the trip is wholly social.

In Hutcheson v. Estate of Se'Christ, 459 S.W.2d 495 (Tex.Civ.App.—Amarillo 1970, writ ref'd), the purpose of the trip was, again, purely social. It is also significant, in evaluating *Hutcheson* as supporting the notion that "the" is the proper article to use in qualifying the phrase, "motivating influence," that in that case the rider paid nothing, and there was no evidence that the operator received any benefit whatever, other than mutual pleasure.

In Dietrich v. F. R. Young Co., 400 S. W.2d 572 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.), the main purpose of the trip was "mutual pleasure." 400 S.W.2d at 576. More importantly, the benefits which plaintiff suggested as accruing to the operator, were described by the Court as being "too uncertain, remote and speculative." 400 S.W.2d at 575.

The opinion in Easter v. Wallace, 318 S.W.2d 916 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n. r. e.), by its heavy reliance on *Raub,* makes it manifest that the Court considered the main purpose of the trip to be purely social. 318 S.W.2d at 918.

Our statute precludes recovery only where the rider is being transported by the owner or operator of the vehicle "as his guest without payment for such transportation." In the "purely social" trip cases, such as those discussed in the preceding seven paragraphs, the "expense-sharing" contribution was not given as "payment for such transportation," but rather, constitut-

ed nothing more than the exchange of social amenities; and the transportation is not given in exchange for such contribution, but as a joint social manifestation of "reciprocal hospitality and pleasure." Such contributions "represent nothing more than a normal and natural expression of appreciation from a guest who . . . accepts the hospitality of another person." McClain v. Carter, 278 S.W.2d 877, 878 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.). Since the rider is removed from the category of "guest" only in cases where he tenders "payment for such transportation," it is not sufficient, to destroy the host-guest relationship, to show merely that the rider was acting in accordance with norms of good manners.

Clearly, if there is no payment, monetary or otherwise, the rider is being transported "by the owner or operator of" the "motor vehicle as his guest without payment for such transportation," and all talk of motivation is superfluous.

In Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198 (1952), the Supreme Court quoted the following language of the El Paso Court of Civil Appeals:[1]

" 'The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. The rule is firmly established in the decisions of this State. Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190 (e. r.); Franzen v. Jason, Tex.Civ. App., 166 S.W.2d 727 (e. r.); Henry v. Henson, Tex.Civ.App., 174 S.W.2d 270 (e. r.) . . . .' "

The exact holding in *Raub* has already been discussed. In neither of the other two cases cited in the above quotation is

---

1. The language quoted by the Supreme Court is from Burt v. Lochausen, 244 S.W.2d 915, 917–918 (Tex.Civ.App.1951), affirmed by the Supreme Court in the case discussed in the text.

anything said concerning motivating influence. In both *Franzen* and *Henry,* the courts were clearly setting forth the requirement that the payment required in order to remove a case from the statute must be a "tangible, definite benefit" to the operator. That the *Burt* decision, both in the Supreme Court and the Court of Civil Appeals, rests on the lack of such tangible, definite benefit, and, therefore, a lack of payment, is made patent by the fact that the portion of the Court of Civil Appeals opinion cited with approval by the Supreme Court states the reason for the holding as follows: " 'The benefits suggested by plaintiff are thought to be too uncertain, remote, and speculative to be definite and tangible.' " 249 S.W.2d at 198. That this is the true basis for the result is further exemplified by the fact that in *Burt* the operator and the rider had spent the afternoon, immediately preceding the accident, in mutual pleasure and enjoyment in Juarez, Mexico. The courts simply rejected the contention that the likelihood that the passenger would, in the future, refer prospective customers to the operator was sufficient to constitute payment.

Although the Supreme Court, in Cedziwoda v. Crane-Longley Funeral Chapel, 155 Tex. 99, 283 S.W.2d 217 (1955), spoke in terms of a benefit to the operator which is shown to have been the motivating influence for furnishing the transportation, the decision allowing recovery was based on the fact that a patient, who was being transported to a hospital in a commercial ambulance for pay, had "hired" the ambulance and that plaintiff, who, at the patient's request, accompanied the patient in the ambulance, was also a passenger for hire.

Samoheyl v. Bearden, 448 S.W.2d 850 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.), is a case in which recovery was denied solely on the ground that the evidence in the case furnished no support for the finding that the operator had received any definite tangible benefit. 448 S.W.2d at 853. In Gregory v. Otts,

329 S.W.2d 904 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.), there was no pleading by defendant raising the guest statute as a defense.

In none of the cases relied on by appellee, including Autry v. Spiering, 407 S.W. 2d 826 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.), was the attention of the Court directed to the distinction between "the" and "a." This lack of attention to such distinction is understandable, since the result in each case would have been the same whether the requirement was phrased in terms of "the motivating influence," or "a motivating influence." In these cases, the use of "the" instead of "a" is no less casual than is the use of "a" instead of "the" in Cate v. Holcomb, 370 S.W.2d 422, 424 (Tex.Civ.App.—Texarkana 1963, writ ref'd n. r. e.). In none of these cases was the Court pretending to announce a rule governing the proper article to be used in submitting to the jury an instruction relating to motivating influence.

As appellee points out, there are cases in which the same opinion at one place speaks of "the" motivating influence and, at another, of "a" motivating influence. An interesting illustration is Jackson v. Davis, 470 S.W.2d 213 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ), where the Court, after quoting that portion of the *Raub* opinion which speaks of a definite tangible benefit which is shown to be "the motivating influence for furnishing the transportation," concludes, in the very next paragraph, that, under the evidence in that case, the jury was justified in finding that the benefit was "a *motivating* influence" for furnishing the transportation. It can be persuasively argued that the actual basis for the holding in *Jackson* to the effect that the guest statute did not bar recovery was explicitly the fact that the evidence showed that the payment was "a" motivating influence.

The majority opinion notices that in Texas Pattern Jury Charges, drafted by a

committee of eminent judges and attorneys, it is said that, in certain cases, an instruction to the effect that payment must have been "a" motivating cause for furnishing the transportation should be given. 1 Tex. P.J.C. 3.10 (1969). However, it is said that there is nothing to indicate that the committee, with its attention directed exclusively to the task of framing a proper instruction, considered the distinction between "a" and "the." In view of the fact that the committee, following the suggested instruction, calls our attention to a case in which the court spoke of "the" motivating influence, there is merit to this view. But the same can be said, with greater reason, of the cases relied on by appellee in which "the" was used by courts which were not, as was the Tex. P.J.C. committee, concerned with the problem of appropriate jury instructions. There is no reason why the use of "the" in cases where the problem of the court's charge was not before the court, should be considered as being any less inadvertent than is the use of "a" by a committee whose sole concern was the framing of a proper instruction.

Our guest statute is very simple. It precludes recovery by the rider only when he is being transported as the "guest" of the owner or operator "without payment for such compensation." If there has been "payment for such transportation," then the rider may recover for the ordinary negligence of the operator. There is nothing in the statute which suggests that the rider who has paid for his transportation can recover only when the payment is the *sole* reason inducing the operator or owner to furnish the transportation. To adopt this construction of the statute is indefensible. It would mean that if X, in Austin, goes to the bus station and buys a ticket to Dallas on a regularly scheduled line, he would not be able to recover for the negligence of the operator because his payment was not *the* reason why he is being transported. In such a case, there is another important reason why the purchase of the ticket enabled the passenger to go from Austin to Dallas. This additional reason is the simple fact that the bus was going to Dallas anyway. This illustration does not involve confusing motivation for furnishing the transportation with motivation for making the trip. It is merely to point out that the bus company has two reasons for transporting X from Austin to Dallas. The first reason is the fact that X made the required payment for the compensation. The second reason is that the bus was going to be driven to Dallas in keeping with the bus company's schedule. It is not necessary here to attempt to determine which of these two reasons is the main or chief reason for furnishing the transportation. It is enough simply to point out that neither is "the" reason. Each is "a" reason.

The only case in which it can be said that a Texas court concerned itself with the question of whether recovery by a rider can be had only when the payment is "the" motivating influence for furnishing the transportation is Wills v. Buchanan, 358 S.W.2d 727, 729 (Tex.Civ.App.—Fort Worth 1962, no writ). There, in answer to the contention that the rider may recover for ordinary negligence only if the evidence shows that the benefit received by the operator is "the" motivating influence for furnishing the transportation, the Court said: "If that proposition were applied to this case it is difficult to imagine how Buchanan could have a paying passenger while he worked at Convair. The true rule seems to be that the payment must have been *the chief* motivating cause of his furnishing the transportation." (Emphasis added.)

The case before us is not one in which the rider contributed to the expense of the trip as a manifestation of friendliness and courtesy. The arrangement between plaintiff and defendant was a business arrangement. The question of "payment" was first brought up by defendant. Before she discussed the matter with her rider she, according to her testimony, "charged" plain-

tiff 20 cents a ride, after according to her deposition, she had "investigated what others were *charging*." (Emphasis added.) At the end of each week the parties would "figure out how much" plaintiff owed defendant, since plaintiff only paid for the times she actually rode with defendant, and there were occasions when plaintiff rode with her husband. There was no element of friendship or pleasure involved. Prior to the time that plaintiff began riding with defendant, the parties did not know each other. They met for the first time on the first occasion when defendant came to plaintiff's house to pick plaintiff up, following a telephone conversation, initiated by defendant the previous night, in response to a suggestion made to defendant by a mutual friend of the parties to the effect that plaintiff needed a ride to and from work.

The above recital of the facts in this case is given simply to demonstrate that the arrangement between the parties was not one having as its purpose their mutual pleasure and did not reflect a joint social manifestation of reciprocal hospitality and pleasure, and that the money was given and received as "payment" for the transportation in the amount which defendant, after investigation of what others were charging, decided to "charge," and not as a mere exchange of social amenities. Nor can it be said that the payment of 20 cents a ride was not a "definite, tangible benefit" to defendant. The facts in this case are strikingly similar to those involved in Wills v. Buchanan, supra, even to the amount paid per ride.

Since we have a case in which there was payment for the transportation, the only question is whether the jury should be instructed that such payment must be "the" motivating influence for furnishing the transportation. I would follow the rule adopted by the California court in Bozanich v. Kenney, supra, and hold that it is only necessary to show that the payment was "a" motivating influence for furnishing the transportation.

